[No. 18100. Department One. —October 14, 1893.]

SWAN S. CEDERBERG, RESPONDENT, v. HUGH ROBISON, APPELLANT.

APPEAL—CONFLICTING EVIDENCE—VERDICT.—Where the terms of the agreement between the parties are contested at the trial, the verdict of a jury in favor of the plaintiff upon conflicting evidence is conclusive that the agreement was as alleged by him.

ID.—REVIEW OF VERDICT FOR DAMAGES.—Where the appeal of the defendant is based upon the insufficiency of the evidence to show that the plaintiff had suffered damages to the extent of the verdict found in his favor, if it cannot be determined from the record upon appeal, what items the jury took into account, in determining the amount of damages. and no exceptions appear to the instructions of the court, the judgment upon the verdict must stand, if there was evidence before the jury of sufficient damages to justify its finding.

ID.—PRESUMPTION AS TO KNOWLEDGE OF JURY.—In an action to recover damages for the breach of a contract to harvest grain at a certain rate per acre, where the record upon appeal shows the particulars in which the plaintiff rendered services and incurred expenses in making preparations for the performance of the contract, and that his men and horses and harvesting-machine remained idle for a week by reason of its breach, but does not show any evidence of the value of the services rendered by plaintiff and his men and teams, or the expense to which he was subjected by the breach of the contract, it may be assumed that the jury were familiar with such work, and that they estimated the value of the services and the expenses necessarily incurred from their own knowledge and experience, and if the amount allowed therefor is not excessive the verdict of the jury should not be disturbed.

ID.—PROVINCE OF JURY—KNOWLEDGE OF VALUES NOT PROVEN.—Juries are in many cases permitted to exercise their individual judgment as to values upon subjects presumptively within their own knowledge, which they have acquired through experience or observation, and the objection that no evidence was presented before them upon such subjects is insufficient to defeat their verdict.

BREACH OF CONTRACT—MEASURE OF DAMAGES.—When a contract of employment is wrongfully terminated by the employer the measure of damages sustained by the employee includes the outlay necessarily incurred in preparing to perform the contract, and while engaged in its performance, and any additional expense to which he is subject after termination of the employment, growing out of his preparations for the work, or resulting from his enforced idleness, and the reasonable value of his own services and of the use of his property and a portion of the profits which he would have made under the contract.

ID.—DETERMINATION OF PROFITS.—The amount of profits to be allowed when the contract is not completed must be determined by the jury according to the circumstances of the case, and the subject matter of the contract, varying with the time required for its completion.

EVIDENCE—WAIVER OF MOTION TO STRIKE OUT—ACQUIESCENCE.—Where testimony is received, subject to be afterwards struck out on motion, if no such motion is made the party objecting must be deemed to have acquiesced in the evidence remaining before the jury.

APPEAL from a judgment of the Superior Court from Tulare County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Bradley & Farnsworth,* for Appellant.

*Power & Alford,* and *R. Erwin,* for Respondent.

HARRISON, J.—The plaintiff agreed with the defendant to harvest about twelve hundred acres of grain, for which the defendant was to pay him at the rate of two

dollars per acre. After he had harvested sixty-five acres a dispute arose between them concerning the terms of the agreement, the defendant claiming that the plaintiff was to take certain mules at an agreed valuation of one thousand dollars in part payment on the contract, for which he wished him to give his promissory note, and the defendant claiming that he had not so agreed; and, upon his refusing to execute the note, defendant refused to allow him to complete the harvesting. The plaintiff brought this action to recover damages for the breach of the aforesaid contract. At the trial the jury rendered a verdict in his favor for four hundred dollars, and the defendant has appealed.

Whether the agreement between the parties was as claimed by the defendant was sharply contested at the trial, and the verdict of the jury in favor of the plaintiff upon this conflicting evidence shows that they found against his claim, and is conclusive upon the point.

We are not called upon to determine whether the rule of damages, as laid down in *Utter* v. *Chapman*, 38 Cal. 662, 43 Cal. 279, is applicable in the present case. The action was tried in the court below upon the theory that if, after the contract had been wrongfully terminated, the plaintiff had obtained other employment of a similar character, and his earnings during the time he was so employed were equal to those which he would have received had he completed the contract with the defendant, he did not to that extent suffer any damage, and, as the plaintiff has not appealed, the correctness of that rule is not involved herein. The appeal of the defendant is based upon his proposition that the evidence before the jury did not show that the plaintiff had suffered damage to the extent of four hundred dollars. We cannot determine from the record what items the jury took into account in determining this amount of damage; but, as no exception was taken to the instructions of the court, the judgment upon the verdict must stand, if there was evidence before the jury of sufficient damage to justify its finding.

It appears that after making the agreement with the defendant the plaintiff was engaged for several days in making preparations for the performance of the contract—hauling hay and barley with which to feed his horses while engaged in the harvesting, and provisions for the men in his employ during that time; that in doing this he was compelled to employ two teams of four horses each for several days, with the men necessary to attend them and to care for the hauling; that he began the work of harvesting on the third day of June, and was discharged on the 5th; and that his men and horses and harvesting-machine remained idle from that date until the 12th of June, when he began similar work upon another field for which he received a compensation equivalent in amount to that which he would have had for the time he was so engaged had he continued to complete his contract with the defendant; that while he was engaged in the work for the defendant he employed twenty-four horses, six of which he hired for that purpose, and eighteen of which were his own; that he was also the owner of the harvester used by him, and for which he had paid two thousand dollars.

The record does not show that there was presented to the jury any evidence of the value of the services rendered by the plaintiff and the teams employed by him in hauling the hay and barley for the purpose of getting ready to do the harvesting, or the expense to which the plaintiff was subjected during the time between his discharge by the defendant and his employment upon the other field, but that in each of these matters he was subjected to some expense required no evidence, and it may be assumed that the jury were familiar with such work, and that from their own knowledge and experience they were capable of estimating the value of these services, and the expenses thus necessarily incurred; and in such a case, unless it should appear that the amount allowed therefor is excessive, the verdict of a jury should not be disturbed.   Juries are in many cases

permitted to exercise their individual judgments as to values upon subjects presumptively within their own knowledge, which they have acquired through experience or observation, and the objection that no evidence was presented before them upon such subjects is insufficient to defeat their verdict.

Section 3300 of the Civil Code provides that " for the breach of an obligation arising from contract the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom."

When a contract of employment like the present has been wrongfully terminated by the employer, the detriment sustained by the other party includes the necessary expenditures incurred by him in making preparations for performing the contract, sometimes called the outlay, and the expenses incurred by him while engaged in its performance, up to the time of its termination. If, in addition to the losses thus actually incurred by him, he is subjected to additional expenses after the termination of his employment, that grow out of his preparation for the work, or which result from his enforced idleness, these are necessarily a part of the injury he has sustained by reason of his employer's breach of the contract. If he had completed the contract, the measure of his recovery would be the contract price. This contract price would include his outlay and cost of performance and also the direct profits which he would realize from its performance. These profits would represent the difference between his actual expenditures and the contract price, and would include compensation for his own labor and the use or rental value of whatever property of his own was employed in performing the contract. If, however, he is prevented by the other party from completing the contract, and seeks to recover damages therefor, his measure of recovery must be determined by the circumstances

of each case. He should not be allowed the entire contract price for that portion of the work completed by him, and also his outlay and cost of performance, as that would give him for the work actually done the contract price, and also all of his expenses in doing the work and preparing therefor; but, in addition to the expenses incurred by him for outlay and the cost of performance he should be allowed the reasonable value of his own services, and of the use of his property as a part of the damages sustained by him, and also a portion of the profits which he would have made under the contract, since in each of these elements he has sustained damage. So many elements enter into a calculation of profits, that no rule can be formulated for determining what portion of those which are anticipated for the whole contract shall be allowed when the contract is not completed, but this amount must be left to the wise discretion of an intelligent jury, according to the circumstances of each case. If the contract is nearly completed, the difference between the contract price and the original outlay and cost of performance would be more controlling in determining this question than if the contractor had only entered upon the performance; since, in the former case, the cost of completing the work could be readily ascertained, whereas, in the other, the uncertainty of this cost and the risk to be encountered would vary with the time required for its completion. "The profits and losses must be determined according to the circumstances of the case and the subject matter of the contract. The reasonable expenditures already incurred, the unavoidable losses incident to stoppage, the progress attained, the unfinished part and the probable cost of its completion, the whole contract price and the estimated pecuniary result, favorable or unfavorable to him, had he been permitted or required to go on and complete his contract, may be taken into consideration. (Citing cases.)" (*Behan* v. *United States*, 18 Court of Claims Rep., approved, on appeal, 110 U. S. 338.) The difficulty in any

case is not to determine whether the loss of profits upon his contract constitutes a part of his damage, as the cases all admit that this is an element which enters into his damage, but to determine what portion of the profits he has lost by the breach of his contract. If this amount can be accurately ascertained, the plaintiff is entitled thereto, but he is not to be deprived of all profits because they are not susceptible of exact measurement.

In consideration of the foregoing rules we cannot say that the evidence before the jury was insufficient to justify its verdict. The court before which the case was tried approved the verdict by its action in denying a new trial, and the burden is upon appellant to show that error has been committed. It is not sufficient to say that the jury might have found otherwise, or that a verdict for a less amount would have been consistent with the evidence. It must appear from the evidence itself that the verdict cannot be sustained. " It does not lie in the mouth of the party who has voluntarily and wrongfully put an end to the contract to say that the party injured has not been damaged, at least to the amount of what he has been induced fairly and in good faith to lay out and expend (including his own services), . . . . unless he can show that the expenses of the party injured have been extravagant and unnecessary for the purpose of carrying out the contract. . . . . The party who voluntarily and wrongfully puts an end to a contract and prevents the other party from performing it is estopped from denying that the injured party has not been damaged to the extent of his actual loss and outlay, fairly incurred." (*United States* v. *Behan*, 110 U. S., 338.) In addition to the actual loss and outlay incurred in making preparations for the contract, the loss necessarily incurred by the plaintiff during the time that he remaided idle after the termination of the contract is an element of actual expense, and the delinquent defendant is not entitled to have a jury scrutinize too closely the items of expense caused by his own faithless-

ness, or to receive the advantage of a part performance of his contract without making a reasonable compensation therefor.

Certain exceptions were taken to the rulings of the court in admitting evidence during the trial, but none of these rulings were of such a character as to affect the result. . The testimony respecting the authority of Niswander to bind the defendant was received subject to be afterwards struck out on motion of the defendant, but, as no motion of that character was made, he must be deemed to have acquiesced in its remaining before the jury.

The judgment and order are affirmed.

BEATTY, C. J., and GAROUTTE, J., concurred.