[No. 15396.   Department One.—June 9, 1894.]

# HANNAH BUTLER, RESPONDENT, v. THOMAS ASHWORTH ET AL., APPELLANTS.

NEGLIGENCE—SUPERINTENDENT OF STREETS—UNSKILLFUL REPAIRING OF SEWER—APPEAL—CONFLICTING EVIDENCE.—In an action against the superintendent of streets to recover damages caused by the negligent and unskillful repairing of a sewer, where the evidence before the jury is conflicting, and the jury were properly instructed by the court, and the judge who heard the evidence and saw the witnesses denied a new trial, the verdict of the jury in favor of the plaintiff cannot be disturbed upon appeal.

ID.—OFFICIAL DUTY OF SUPERINTENDENT OF STREETS—LIABILITY FOR NEGLIGENCE.—Where it is the duty of the superintendent of streets to attend to the repairing of sewers, if he undertakes to make any such repairs, he must do it in a careful and skillful manner, and is liable for any damages resulting from his negligence in so doing; and his claim to have done such work in his official capacity will not relieve him from responsibility for such damages if he does the work in an unskillful and negligent manner.

ID.—WORK IN EXCESS OF JURISDICTION—SKILL AND DILIGENCE REQUIRED. Where the cost of making repairs upon a sewer exceeds one hundred dollars, the superintendent of streets has no jurisdiction to do the work, and the acts of the superintendent and his deputy in making the repairs are on the same footing as those of any other person making the repairs without authority, and they are liable for damages sustained, unless, after undertaking to repair the sewer, the work is done skillfully and diligently.

ID.—EVIDENCE OF COST OF REPAIRS—PROVINCE OF JURY.—Where there is evidence before the jury of the amount of labor required in making the repairs, it is not necessary that there should be any evidence of the exact amount paid for the labor, and the jury may determine from their own experience whether it would exceed one hundred dollars or not.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Humphreys & Welch, J. F. Tevlin, W. C. Burnett,* and *L. G. Burnett,* for Appellant.

*George B. Merrill,* for Respondent.

HARRISON, J.—The plaintiff brought this action against the defendants to recover damages caused by

them in repairing a sewer in Tenth street. The defendant, Ashworth, was superintendent of public streets and highways in San Francisco, and his co-defendant was his deputy, under whose direction the work was done. The complaint alleges that in January, 1888, a break occurred in the sewer in Tenth street, near Bryant, and that the defendants undertook to repair it, and did the work in such a negligent and unskillful manner as to prevent the flow of sewage through the sewer, and cause it to flow back and be discharged into her house through a private sewer connecting her house with the public sewer, from which she suffered the damage complained of. The defendants in their answer denied that the damage sustained by the plaintiff was caused by any of their acts, and alleged that the acts done by them were done in their official capacity, and that they performed said work of repairing the sewer in a skillful and workmanlike manner. The jury rendered a verdict in favor of the plaintiff for the sum of eight hundred dollars, and from the judgment entered thereon, and an order denying a new trial, the defendants have appealed.

Upon the issue whether the damage sustained by the plaintiff was caused by the acts of the defendants, the evidence before the jury was conflicting, and their verdict in her favor must be accepted as determinative of that question. There was also a great deal of evidence presented to the jury, by both parties, for the purpose of showing the manner in which the work of repairing the sewer was done by the defendants, and, from the character of this evidence, we cannot say that the jury was not justified in finding that the work was done in an unskillful and unworkmanlike manner. The jury were instructed by the court, that if they were satisfied, from a preponderance of the evidence in the case, that the defendants performed their duty in a negligent and unskillful or unworkmanlike manner, and that the injuries sustained by the plaintiff were directly caused by such negligence, she was entitled to recover, but that if they were not satisfied that the defendants performed

said work in a negligent or unskillful manner, or that if they did so perform the work the injuries alleged were not directly or proximately caused thereby, she was not entitled to recover. The denial of a new trial shows that, in the opinion of the judge who heard the evidence, and saw the witnesses, the verdict of the jury was correct, and we are not at liberty to disturb this conclusion.

The court instructed the jury that, although it was the duty of the superintendent of streets to attend to the repairing of sewers, yet, if he undertook to make any such repairs, he must do it in a careful and skillful manner, and would be liable for any damage resulting from his negligence in making such repairs; that his claim to have done such work in his official capacity would not relieve him from responsibility for such damage, if he did the work in an unskillful or negligent manner. The jury were further instructed that, if the cost of making the repairs exceeded one hundred dollars, the superintendent had no jurisdiction to do the work, and that the defendants would be liable for the damage sustained by the plaintiff, unless, after they undertook to repair the sewer, they worked skillfully and diligently. The effect of this latter instruction was to place the acts of the superintendent in making the repairs on the same footing, in the contingency supposed, as any other person making the repairs. The instruction was given in view of the act of March 27, 1878 (Stats. 1877–78, p. 544), by which the superintendent is given authority, in cases of urgent necessity, to repair any of the public streets or sewers, either by contract or otherwise, provided that the repairs between two main streets shall not exceed one hundred dollars. In the absence of this statute the superintendent would have no authority to make the repairs, and, if he would justify his acts, he must bring himself within the terms by which the authority is given. The instruction itself is in harmony with those previously given, in which the rights and liabilities of the superintendent are defined, as the jury were merely told by this the con-

ditions under which the defendants could invoke their claim to protection by reason of their official character. The objection that there was no evidence by which the jury could determine whether the cost of the repairs exceeded one hundred dollars is unavailing. There was abundant evidence before the jury of the amount of labor required in making the repairs, and it was not necessary that there should be any evidence of the exact amount paid for that labor. The jury could determine from their own experience whether it would exceed one hundred dollars or not. (*Cederberg* v. *Robison*, 100 Cal. 93.)

We find no error in the record, and the judgment and order denying a new trial are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.