[Civ. No. 205.    Second Appellate District.—June 1, 1906.]

ANNIE T. EVARTS et al., Respondents, v. SANTA BARBARA CONSOLIDATED RAILWAY COMPANY, Appellant.

Action for Death—Negligence of Railway Company—Unguarded Excavation in Street—Support of Verdict.—In an action for death of a physician caused by the negligence of a railway company in making an excavation in a public street which was allowed to remain open and unguarded and without signal lights to warn travelers of their danger, *held*, that there is sufficient evidence to show that his death was proximately caused by the negligence of the defendant, and to support a verdict for the plaintiffs.

Id.—Damages—Loss of Society.—The loss of comfort of the plaintiffs in the society of the deceased may be properly considered in determining the amount of pecuniary damages.

Id.—Loss of Support—Earning Capacity—Performance of Obligation—Evidence Warranting Damages.—Though, on the question of the amount of loss of support, the earning capacity of the deceased may, if proved, be properly considered, it is not determinative of the amount. That the obligations of support had been performed is indicated by proof of happy domestic relations for twenty years; and evidence that for twenty-two years deceased had been a practicing physician, and that at the time of the injury which caused his death he had a number of patients, some of whom he was then attending, and that he was then in the prime of life, authorizes the jury to give substantial damages.

Id.—Pecuniary Loss to Family—Question for Jury—Damages not Excessive.—The amount of the pecuniary loss to the family was for the jury to decide; and it cannot be said that a verdict for damages in the sum of $12,000 was excessive, in view of the facts proved.

Id.—Evidence—Ill-health of Wife.—Evidence was admissible to show the ill-health of the wife, as tending in some degree to establish the pecuniary loss sustained by her.

Id.—Complaints of Deceased—Suffering and Pain.—Evidence was admissible to prove complaints made by the deceased of suffering and pain endured, where none of such complaints referred to a statement of past condition.

Id.—Contributory Negligence not Shown—Inapplicable Instruction.—There was no evidence of contributory negligence to which a requested instruction on that subject was applicable; and such instruction was properly refused.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   Felix W. Ewing, Judge presiding.

The facts are stated in the opinion of the court.

H. H. Trowbridge, and Henley C. Booth, for Appellant.

W. S. Day, E. W. Squier, and John J. Squier, for Respondents.

ALLEN, J.—Action for damages on account of alleged negligence.   Judgment for plaintiffs, from which defendant appeals.

The case was tried by a jury upon the testimony of the plaintiffs' witnesses alone, the defendant submitting no evidence.   The evidence on the part of plaintiffs tended to show that defendant has caused an excavation to be made in a public street in the city of Santa Barbara, and suffered the same to remain open and unguarded and without signal lights to warn travelers of the danger.   That Dr. Evarts, a man about forty-four years of age, a practicing physician, who had engaged in such practice for twenty-two years, while driving upon such public street after dark on the evening of September 18, 1903, was precipitated into such excavation and received injuries from the effects of which death ensued on the second day of October following.   Dr. Evarts is shown to have been a man of good health previous to the accident, and to have been a kind and indulgent father and an attentive husband to the wife, who was an invalid and whose physical condition required much personal care and nursing from the husband.   The jury rendered a verdict in favor of plaintiffs for $12,000, for which judgment was rendered.   Appellant's chief contention is based upon specifications as to the insufficiency of the evidence to support the verdict.   An examination of all the evidence discloses ample evidence to warrant a verdict in plaintiff's favor.   There was positive testimony and ample facts and circumstances tending to establish that defendant caused the excavation to be made, and there is nothing in the record indicating any authority of the municipality in relation thereto; and, from the record, defendant appears to have made such excavation as a tres-

passer upon a public street.   In addition to this, were we. to
assume the grant of a privilege for such excavation, no sig-
nal or warning lights are shown to have been placed, and
no guards placed or precautions taken to notify the traveling
public of such excavation; but, on the contrary, their ab-
sence is shown.   The fact that a witness heard a sudden
crash as of ''something falling from a height,'' that there was
heard at the same time exclamations and language usually
employed by men in the management and driving of horses,
and that immediately thereafter deceased, the horse and a
portion of the buggy were found in such excavation, were
facts from which the jury might well determine that the de-
ceased had been precipitated into such excavation.   Further,
that he was in a dazed condition when so found in the exca-
vation; that soon thereafter he complained of pain and in-
jury, was pale, trembling, and unable to attend to his pro-
fessional duties; that the following day he complained of
pain in his left side, of having a smothered feeling, was
coughing and spitting up blood; that afterward and before
his death bruises about the left side were discovered; that
these pains and difficulties increased and continued until his
death, which resulted from acute pericarditis, which is shown
to be an ailment frequently arising from an injury.   From
these facts, and from the expert testimony based thereon, it
is clear that this man's death was directly attributable to the
injury.   The jury was fully justified in determining that the
death of this man was proximately caused by the negligence
of the defendant as charged in the complaint.   There is no
lack of evidence showing a causal connection between the
negligence and the death, as was the case in the numerous
authorities cited by appellant.

There was no error in striking from a proposed instruc-
tion the words, ''nor for loss of the comfort of his society as
such.''   The court had already properly instructed the jury
that the loss of his society might be considered in estimating
pecuniary damages.   The proposed instruction, which was
modified, could only be understood as saying that the loss of
his society as such was not part of the damages allowable.
That such loss of society is a part of pecuniary damages is
determined in *Dyas* v. *Southern Pacific Co.,* 140 Cal. 296, [73
Pac. 972], and by our supreme court in many other cases.

It is also insisted that the amount of the verdict is based upon a mere surmise, conjecture, and guess, and is excessive. This arises from the fact that the actual earning capacity of the deceased was not shown; and it is claimed that it was not shown that he supported his family. As to the last claim, the fact that "the domestic relations for the twenty years of married life had been of the happiest that could exist" certainly indicates that the obligations of support had been performed. As to the question of earning capacity of the deceased, while it may properly be considered in determining the amount of the verdict, the same is not determinative of such amount. (*Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91, [66 Pac. 72].) In this case, as in that of *Cederberg* v. *Robison,* 100 Cal. 96, [34 Pac. 625], and *Butler* v. *Ashworth,* 102 Cal. 663, [36 Pac. 922], there was not presented to the jury the value of the services of the deceased to his patients, or the amount of his earnings, yet there was evidence that he was a regular practicing physician, that he possessed a number of patients, some of whom he was attending at the time of his injury, and that he was a strong man in the prime of life; from which facts alone the jury would be authorized to give substantial damages. The amount of the pecuniary loss to the family was for the jury to decide. We cannot say that it was excessive. "It is only where the verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts, as to shock the sense of justice, and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment, that the judge is at liberty to interpose his judgment as against that of the jury." (*Harrison* v. *Sutter Street Ry. Co.,* 116 Cal. 164, [47 Pac. 1019].) The appellate court is bound by the same rule. (*Mize* v. *Hearst,* 130 Cal. 630, [63 Pac. 30] ; *Skelton* v. *Pacific Lumber Co.,* 140 Cal. 512, [74 Pac. 13].)

The evidence admitted as to the ill-health of the wife was not improper. Her situation and condition tended in some degree to establish the pecuniary loss sustained. (*Cook* v. *Clay Street Hill R. Co.,* 60 Cal. 609; *Lange* v. *Schoettler,* 115 Cal. 390, [47 Pac. 139] ; *Keast* v. *Santa Ysabel G. M. Co.,* 136 Cal. 260, [68 Pac. 271].) The damages to be assessed are plaintiffs' damages; compensation to themselves for pe-

cuniary injury. (*Webster* v. *Norwegian Min. Co.*, 137 Cal. 400, [70 Pac. 276].)

There was no error in admitting testimony of witnesses as to complaints made by deceased of suffering and pain. None of the testimony referred to a statement of past condition. (*Lange* v. *Schoettler*, 115 Cal. 390, [47 Pac. 139]; *Green* v. *Pacific Lumber Co.*, 130 Cal. 440, [62 Pac. 747].)

There was no evidence of contributory negligence to which instruction XXV was applicable, and it was, therefore, properly refused.

We find no prejudicial error in the record, and the judgment is affirmed.

Smith, J., and Gray, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1906.