[Civ. No. 3439.    First Appellate District, Division Two.—May 19, 1920.]

ARCHIE G. WILLIAMS, Respondent, v. A. R. G. BUS COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—VERDICT NOT EXCESSIVE.—In this action for damages for personal injuries sustained by plaintiff when an automobile bus owned and operated by the defendant, and in which plaintiff was riding as a passenger, overturned, in view of the injuries plaintiff received and the damage done to his clothes, the nervous shock suffered by him, the time he spent in the hospital, then in bed at his home, and then during which he was unable to resume his work and the hospital and doctor's bills incurred, the amount of damages allowed was not so grossly excessive as to call for the interference of an appellate tribunal.

[2] ID.—EXCESSIVE DAMAGES — POWER OF APPELLATE COURT.—The power of an appellate court over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury.

[3] ID.—PASSION OR PREJUDICE—DISREGARD OF INSTRUCTIONS—EXCESSIVE VERDICT — REMEDY — PROCEDURE.—In an action for damages for personal injuries, if the defendant considers the verdict the result of passion or prejudice, or a disregard of the instructions of the court, it cannot raise the point for the first time on appeal, but must bring this matter before the attention of the trial court on a motion for a new trial.

[4] ID.—PAIN AND SUFFERING — ADMISSIBILITY OF STATEMENTS BY PLAINTIFF.—In an action for damages for personal injuries sustained by plaintiff when an automobile bus owned and operated by the defendant, in which plaintiff was riding as a passenger, overturned, testimony by the wife and the mother of plaintiff as to statements made by him with reference to the pain and suffering which he was undergoing during the period in which he was recovering is properly admitted.

APPEAL from a judgment of the Superior Court of San Bernardino County.    J. W. Curtis, Judge.    Affirmed.

The facts are stated in the opinion of the court.

1.    Excessiveness of verdicts in actions for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

Duke Stone for Appellant.

Ralph E. Swing for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against it in the sum of fifteen hundred dollars, recovered by plaintiff as damages for personal injuries. The plaintiff was riding as a passenger in an automobile bus owned and operated by the defendant between Ontario and Riverside, California, when the automobile overturned.

[1] The first point raised by the defendant is that the damages are excessive. The testimony shows that the plaintiff received a cut about an inch deep in the hip, which required a closure of the wound with stitches; that his back was wrenched and strained; that his leg and arm were bruised, and that his body was rendered stiff and sore, and his nervous system shocked by reason of his experience; that at the time of the trial he was still suffering from this nervous shock which made him constantly apprehensive in the performance of his work of driving an automobile. He spent nine days in a hospital, and was confined to his bed at his home for two weeks additional. He was unable to resume his work for six weeks, and his clothing, including an overcoat and suit, were ruined. He also incurred hospital and doctors' bills. Under such circumstances, we think the verdict of fifteen hundred dollars is not so grossly excessive as to call for the interference of an appellate tribunal. [2] It has been repeatedly held in this state that the power of an appellate court over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury. (*Bond* v. *United Railroads*, 159 Cal. 270, [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Hale* v. *San Bernardino etc. Co.*, 156 Cal. 716, [106 Pac. 83]; *Wheaton* v. *North Beach etc. Co.*, 36 Cal. 591; *Varcoe* v. *Lee*, 180 Cal. 338, [181 Pac. 223].)

In the case of *Bond* v. *United Railroads, supra*, it is said: "The trial court should be vigilant to set aside verdicts where there is reason to believe this has been done, or that passion, prejudice, or sympathy has influenced the jury to give more than the facts reasonably warrant. We have

cause to fear that the trial courts sometimes act on the theory that they can shift the responsibility in this matter to the appellate court, and that an excessive verdict can be corrected on appeal. This is a mistake. Our power over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury. (Citing cases.) Practically, the trial court must bear the whole responsibility in every case.''

[3] Furthermore, it appears that the appellant made no motion for a new trial. If it considered the verdict the result of passion or prejudice, or a disregard of the instructions of the trial court, its remedy lay first in a motion for a new trial addressed to the trial court. It is said in the case of *Chiarini* v. *Rochon*, 1 Cal. Unrep. 540, that if this matter is not brought before the attention of the trial court in a motion for new trial, it is too late to raise the point for the first time on appeal. It is stated in *Bond* v. *United Railroads, supra*: ''If a motion for a new trial on this ground is properly and regularly interposed, that court would have power to reduce or set aside the verdict. In the absence of such motion, it should have granted the plaintiff's motion to render judgment for four thousand five hundred dollars, unless the amount was so obviously the result of passion, prejudice, or a disregard of the instructions as to justify the court in ordering a new trial of its own motion. *As it did not do so, it is to be presumed that there was no cause for such action.*''

[4] Appellant also complains of the admission of testimony by the wife and mother of plaintiff as to statements made by him with reference to the pain and suffering which he was undergoing during the period in which he was recovering. This testimony was properly admitted under a well-recognized rule of evidence. (1 Greenleaf on Evidence, 16th ed., sec. 162a et seq., p. 254; *Green* v. *Pacific Lumber Co.*, 130 Cal. 435, [62 Pac. 747]; *Evarts* v. *Santa Barbara etc. Ry. Co.*, 3 Cal. App. 712, [86 Pac. 830]; *Lange* v. *Schoettler*, 115 Cal. 388, 393, [47 Pac. 139].)

There are no other assignments of error which require discussion.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.