[Civ. No. 3481. First Appellate District, Division Two.—December 1, 1920.]

## H. H. WENDT et al., Respondents, v. W. R. SMITH, Appellant.

[1] CONTRACTS—BREACH OF LEASE—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTIONS.—In an action to recover damages for breach of a contract for a lease of land, under which plaintiffs were to furnish all labor necessary to the planting, irrigating and harvesting of the crops agreed to be grown and were to receive one-half of such crops, it is error to instruct the jury that, if plaintiffs are entitled

to recover, the measure of damages is one-half the value of the crops which they could have grown during the year, less the cost of raising, cutting, and harvesting the same, and in addition thereto the value of the labor of plowing, irrigating, etc., performed by them upon the land during the period of their occupancy prior to the time the defendant compelled them to leave the premises.

[2] ID.—ERRONEOUS JUDGMENT—APPEAL — MODIFICATION. — Where the verdict in said action is proper, except for the allowance of a specified sum for such labor, the appellate court may order a modification of the judgment to the extent of said sum; but such modification is not proper where the verdict is otherwise erroneous because of insufficiency of the evidence.

[3] ID.—COST OF FARMING — ABSENCE OF EVIDENCE — KNOWLEDGE OF JURORS.—In such an action, if there is no evidence of the probable cost of raising and harvesting the crops upon the land, this defect in the evidence is not overcome by the fact that the jury is composed of farmers of experience in that vicinity who have independent knowledge of such costs.

[4] ID.—EARNINGS BY PLAINTIFFS AT OTHER WORK—RIGHT OF DEFENDANT TO CREDIT.—The contract, the breach of which formed the basis for such action, not having required that plaintiffs should personally labor upon the land, but only that they should furnish all necessary labor, the defendant was not entitled to be given credit for any amount which the plaintiffs earned at other work from the time of the breach by defendant until the expiration of the life of the contract.

APPEAL from a judgment of the Superior Court of Imperial County. ·Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Conkling & Brown for Appellant.

Henry G. Bodkin and Jos. P. Sproul for Respondents.

NOURSE, J.—This is an appeal by the defendant from a judgment for $3,990 upon a verdict of a jury. The action was brought for damages for the breach of a contract for a lease of land. The contract provided for the leasing to plaintiffs for one year of 220 acres of land in the county of Imperial. Plaintiffs agreed to pay, as rent therefor, an undivided one-half of all crops raised on the premises, it being understood that cotton, corn and alfalfa should be

planted. The defendant agreed to furnish all seed, stock, tools, implements, wagons, water, and materials necessary for the planting, maintaining, and harvesting of all crops; also to furnish all feed for stock used on the premises out of his half of the alfalfa produced. The plaintiffs agreed to furnish all labor necessary to the planting, irrigating, and harvesting of all crops and the labor necessary to maintain all ditches, borders, gates, checks, and fences on the premises, and to farm the land in proper manner. The defendant agreed to furnish any new material necessary for the maintenance of the ditches, fences, etc. It was also provided that the defendant had the right at all times to enter and view the premises and the improvements thereon and, in the event the lessees failed to properly care for the crops, the lessor should have the right to take charge of the farming operations himself and care for the crops and deduct the expense thereby incurred out of the share of the crops belonging to the plaintiffs.

Plaintiffs alleged that they went into possession of the property during the month of December, 1917, under this lease and performed all the covenants and agreements by them to be performed and that on and after March 19, 1918, the defendant refused to allow them to work upon the premises and compelled them to leave the premises, threatening their lives if they remained. They then asked as damages the value of one-half of the crops grown on the premises during the year, which they alleged amounted to $8,000; and also that they be awarded the value of their labor performed during the four months of their occupancy of the premises, which consisted of plowing, irrigating, maintaining borders, gates, checks, fences, etc. This labor was alleged to be worth $500, making a total of $8,500 damages prayed for.

Defendant denied that he refused to permit plaintiffs to proceed with their work on the premises or that he ordered them to quit the same or threatened their lives, and alleged that by reason of the incompetence of plaintiffs and their inexperience in farming they were unable to carry out the terms of the contract; that by reason of the unskillful handling they endangered the alfalfa crop on the land and defendant was obliged to enter upon the premises and assist plaintiffs in saving said crop from being flooded while plaintiffs were irrigating the land; that upon his protest and remon-

strance with reference to this incident plaintiffs voluntarily abandoned the premises. Defendant also denied that plaintiffs had suffered any damage. The case was tried before a jury, resulting in a verdict for plaintiffs.

Appellant objects to the instructions of the court with reference to the question of damages, and also contends that the evidence is insufficient to prove any damage whatsoever, and that the verdict of the jury is therefore entirely unsupported by the evidence.

[1] The court instructed the jury that, if the respondents were entitled to recover, the measure of damages should be one-half of the value of the crops which they could have grown upon the ranch during the year, less the cost of raising, cutting, and harvesting the same. In addition to this the jury was instructed that, if the respondents were entitled to damages, they were also entitled to judgment for the value of the labor of plowing, irrigating, maintaining gates, etc., performed by them upon the land in connection with the farming of the same during the period of their occupancy. Obviously this was error. By the terms of the lease respondents were entitled to one-half of the crops, and in return therefor were to furnish all the labor necessary to produce and harvest them. They cannot recover as damages for a breach of the contract both the value of the crops which they were to receive and also the value of the labor which they were to give in payment therefor.

[2] The jury acted upon these instructions and its verdict was for $3,490 in damages and $500 for labor. Respondents meet this objection to the instruction by a suggestion that, in the event this court should determine that judgment for both these items is improper, a modification of the judgment be ordered to the extent of the $500 allowed for labor. This would be a proper course if the verdict were otherwise proper. But the appellant's objection as to the insufficiency of the evidence is well taken. The record before us is lacking in evidence upon important facts which should properly enter into an estimate of damages in an action of this nature.

[3] It is claimed by appellant and tacitly admitted by respondents that there is no evidence of the probable cost of raising and harvesting the crops upon the land. Re-

spondents seek to overcome this defect in the evidence by the argument that the jury was composed of ranchers from the vicinity who were probably aware of the cost of producing these products. But vital evidence may not be supplied in this irregular and uncertain manner. The only testimony on this subject is the indefinite statement of the appellant that he did not know the amount of expense incurred by those who completed the respondents' work in raising and harvesting the crop of 1918, but he knew there was some expense incurred in connection therewith. Evidence upon this subject should have been before the jury, as, under the lease, respondents were entitled to one-half the crops less the labor expended. The case is not controlled by *Cederberg* v. *Robinson,* 100 Cal. 93, [34 Pac. 625]. There the jury was permitted to determine from its own knowledge the value of services rendered by a day laborer. But evidence had been offered showing the character of the services rendered and the time of performance. The reasonable value of the services was fixed upon the basis of the usual and customary wage paid for like services. Whatever may be said as to the soundness of the rule of that case, it does not apply here. Respondents were to be charged with the cost of raising and harvesting three different kinds of crops—alfalfa, corn, and cotton. In addition to this they were to be charged with the cost of maintaining ditches, fences, borders, etc., and to do all necessary irrigating. No evidence was offered touching upon any of these subjects. Furthermore, it is not sufficient for counsel to say that all the jurors were farmers of experience and hence had independent knowledge of these costs. Their experience does not appear of record.

[4] Appellant further contends that he should have been given credit for any amount which the respondents earned at other work from the time of the breach until the expiration of the life of the contract. This contention is not well founded. Under the instructions of the trial court and the holding of this court, respondents will be charged with the full and complete cost of doing everything they undertook to do under their contract. This will include the work done by them and the allowance to appellant for the work that was necessary to be done from the time of the breach. The lease did not require that respondents should personally

labor upon the land. It was not, therefore, a contract for personal services. This being true, appellant would have no further claim upon their time or services, and their earnings, if any, would not be involved in a consideration of the damages resulting to them from a breach of his contract.

The measure of damages in the present case is the simple and usual one in cases of a breach of contract of this nature. It is one-half of the proceeds of the crops which the respondents would have received out of the contract, less the amount they would necessarily have expended under the contract to produce and harvest all the crops.

The judgment is reversed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1921.

All the Justices concurred.