[Civ. No. 7579. Second Appellate District, Division One.—March 24, 1933.]

ELMO BEATTY, Respondent, v. MRS. E. A. WARREN, Appellant.

John C. Miles and Samuel Marks for Appellant.

P. J. Tscharner for Respondent.

DESMOND, J., *pro tem.*—The defendant appeals from a judgment aggregating $500, awarded plaintiff in an action based upon slanderous statements alleged to have been made by the defendant.

The complaint alleged in the first count that the defendant, in the presence of Mr. and Mrs. Miller, used the following language: "Elmo Beatty stole thirty-five dollars from a woman down the street, while delivering groceries there. There was One Hundred dollars laying there, and he took Thirty-five Dollars."

Another count alleged that the following language was used by defendant in the presence of Mr. Thomas A. Smith: "Your son is going to lose trade, because he has a man employed that is a thief. He went down and delivered some groceries to a lady near my house. The lady was going away and he was delivering the goods there and when she went away she left a purse in the dresser containing thirty-five dollars. When she returned the purse was lying on the dresser empty. The thirty-five dollars was gone and there was nobody in the house but Elmo Beatty, and nobody could have taken the thirty-five dollars but Beatty."

Although it was alleged that the language above quoted was uttered by the defendant maliciously, there was no prayer in the complaint for exemplary damages. The defendant by her answer did not set up justification or privi-

lege, but denied all the material allegations of the complaint bearing upon the alleged slander. The jury found for the plaintiff in the sum of $250 on each of said counts.

■ There can be no doubt that the statements referred to were slanderous *per se*, and the jury finding on evidence which from the record seems amply sufficient that they were uttered by the appellant, was bound to assess damages in an amount which would fairly compensate the plaintiff for the injury suffered by him. (*Childers* v. *San Jose Mercury Printing & Pub. Co.*, 105 Cal. 284, 289 [38 Pac. 903, 45 Am. St. Rep. 40].) ■ Appellant claims that the damages so assessed are excessive and that certain instructions given by the trial court were so erroneous or ambiguous as to possibly have misled the jury.

As to the question of excessive damages, it may be noted that section 657 of the Code of Civil Procedure specifies as one of the grounds upon which a verdict may be vacated and any other decision modified and a new trial granted, "excessive damages, appearing to have been given under the influence of passion or prejudice". A motion for new trial was made in this case, submitted without argument, and by the trial court denied. The grounds of the motion upon which defendant relied were insufficiency of the evidence to justify the verdict, that the verdict was against the law and the evidence, and errors of law occurring at the trial and excepted to by the defendant. No suggestion apparently being made until after the filing of this appeal that the damages awarded were excessive, it now appears as an afterthought. The conclusion therefore must be that the amount of damages awarded by the jury did not in the first instance shock the defendant by reason of its size, nor does it "at first blush, suggest passion, prejudice or corruption on the part of the jury"—a requisite condition for the exercise of the power of an appellate court over excessive damages. (*Williams* v. *A. R. G. Bus Co.*, 47 Cal. App. 568 [190 Pac. 1036], and cases there cited.) In the case of *Harris* v. *Zanone*, 93 Cal. 59 [28 Pac. 845, 846], the plaintiff recovered as combined actual and exemplary damages the sum of $5,000 for a statement, "She is a damned thief," made by the defendant, which statement the jury found was not privileged. The Supreme Court refused to disturb the verdict, saying (p. 72): "In *Wilson* v. *Fitch*, 41 Cal. 386,

where there was no proof of express malice, and, as was held by the court, not a case of punitive damages, it was said, upon the claim that the damages awarded were excessive: 'The court will not interfere in such cases, unless the amount awarded is so grossly excessive as to shock the moral sense and raise a reasonable presumption that the jury was under the influence of passion or prejudice. In this case, whilst the sum awarded ($7,500 on account of newspaper article) appears to be much larger than the facts demanded, the amount cannot be said to be so grossly excessive as to be reasonably imputed only to passion or prejudice in the jury. In such cases there is no accurate standard by which to compute the injury, and the jury must necessarily be left to the exercise of wide discretion, to be restricted by the court only when the sum awarded is so large that the verdict shocks the moral sense and raises a presumption that it must have proceeded from passion · or prejudice.' '' If the award had impressed the trial court as being obviously the result of passion, prejudice or disregard of its instructions, a new trial might have been ordered by the court of its own motion, as was suggested in *Bond* v. *United Railroads*, 159 Cal. 270, 287 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]. Since no such action was taken, it is manifest that the judge who heard the evidence, saw the witnesses, and had his attention later directed to the case in all its aspects upon consideration of the motion for new trial, found no impropriety in allowing the verdicts to stand as rendered. ''The trial court should be vigilant to set aside verdicts where there is reason to believe this (emotional verdict rendered) has been done, or that passion, prejudice or sympathy has influenced the jury to give more than the facts reasonably warrant. . . . Practically, the trial court must bear the whole responsibility in every case.'' (*Bond* v. *United Railroads, supra,* at p. 286.)

In *Chiarini* v. *Rochon*, 1 Cal. Unrep. 540, the following language attracts attention: ''If the damages were excessive it was incumbent on the defendant, in his statement on motion for new trial, to specify in what respect the evidence was insufficient to support this portion of the finding, or wherein or for what reason the damages were excessive. If the matter had thus been brought to the attention of the

court and counsel, it might then have been corrected, if erroneous; but it is too late to raise the point for the first time in this court.'' Under the circumstances of this case, we do not feel that the question of excessive damages is one for us to pass upon, that question not having been raised in the lower court (8 Cal. Jur. 837); however, we have no hesitation in saying that the amount awarded by the jury does not impress us as being excessive, having in mind the character of the statements which the jury found the defendant uttered concerning the plaintiff.

We pass now to the claim of appellant that the jury may have been misled by erroneous or ambiguous instructions given by the court. Having examined all the instructions carefully, we find that the jury was limited thereby to a verdict for actual damages, if they should find that defendant uttered substantially the words charged in the complaint, being expressly advised that no punitive or exemplary damages were sought by the plaintiff. Reading all the instructions together, we are convinced that the verdicts rendered by the jury were not grounded in any part upon actual malice or malice in fact, as it is sometimes called; that the jury did not attempt to assess exemplary damages, but merely the actual damages which they found the plaintiff sustained by reason of the tort committed by appellant. ''The respondent is not required to prove, and in the nature of things cannot prove, the extent to which he has been damaged by this libel . . . It is well settled that in such cases as this a jury may consider as a basis for its award of actual damages all of such matters as those set out above, including . . . his good name and reputation, his injured feelings and his mental sufferings.'' (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 365 [184 Pac. 672, 681, 12 A. L. R. 1007].)

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.