[Civ. No. 5213. Third Appellate District.—June 8, 1935.]

EDITH CARSWELL, Respondent, v. PACIFIC GREY-HOUND LINES, INC. (a Corporation), et al., Defendants; BLANKENSHIP MOTORS, INC. (a Corporation), et al., Appellants.

H. K. Landram for Appellants.

F. M. Ostrander for Respondent.

RANKIN, J., *pro tem.*—Appeal by defendant Blankenship Motors, Inc., William A. Hart and David Mattos from a judgment against all of the defendants awarding damages in the sum of $5,575.15 for injuries resulting to plaintiff from a motor vehicle collision, and from an order denying a new trial.

By their answer the defendants, Pacific Greyhound Lines, Inc., and G. O. Christensen, admit their negligence and allege negligence on the part of appellants.

Appellants make the point on this appeal that the judgment lacks evidentiary support for the reason that the record does not establish that any negligence of appellants proximately caused or concurred in the accident, and that no evidence of negligence on the part of appellants having been shown, the jury was misdirected in the instructions of the court.

Plaintiff was a passenger in an automobile stage of the Pacific Greyhound Lines, Inc., owned by said corporation and driven by defendant G. O. Christensen. Near Atwater, in the county of Merced, the automobile stage crashed into a trailer attached to a truck owned by appellant Blankenship Motors, Inc., and in charge of two drivers, the appellants William A. Hart and David Mattos. Both the automobile truck and the stage were traveling south on the highway. The truck and trailer stalled while the appellant Hart was driving the same and appellant Mattos was asleep on the truck, in a place provided for that purpose. The driver started to pull off the highway and succeeded in getting all of the equipment off of the highway except the left rear wheel of the trailer, which remained upon the highway. The time was about 4 o'clock A. M. on the 14th of September, and it seems to be conceded that it was dark at that time. While the trailer was thus on the highway, the automobile stage approached the same, at a speed of approximately forty-five miles per hour. The driver of the stage testified that he was momentarily blinded by the headlights of a passing automobile and that he did not see anything on the highway until he crashed into appellants' trailer. Appellants base their assignment on this appeal on the assumption that the record shows without dispute that a red tail light and two blue side lights were burning on the rear of the trailer at the time of

the accident and contend that there was a red tail light showing upon the rear of the trailer at the time of the collision, and therefore appellants, having complied with the provisions of the California Vehicle Act with reference to the burning of lights, there is no evidence of any negligence upon their part which proximately contributed to the accident. They cite the case of *James* v. *White Truck & Transfer Co.*, 1 Cal. App. (2d) 37 [36 Pac. (2d) 401], and quote from that case the language of the court relating to the legal effect of the existence of a red light as a warning of danger during the hours of darkness. The case is instructive upon that point but has no application here upon the question to be decided as in that case there seemed to be no question of the existence of the red light. Appellant Mattos testified that he operated the truck and trailer on the trip south as far as Modesto, which place he reached about 2 o'clock in the morning when, upon checking the same, they found that the lights were all burning. However, it does not appear that either of the drivers of the truck checked the red light after leaving Modesto.

Mrs. Marie Hopson, a witness, testified that at the time she was a passenger on the stage and was sitting in the front seat next to the driver. As they approached the scene of the accident she observed the presence of a truck and trailer upon the highway and observed two little blue lights burning upon the trailer when the stage was about 150 feet away from it and that she saw no other kind of lights upon the truck. On cross-examination she stated that she did not notice any red tail light on the truck.

G. O. Christensen, the driver of the stage, testified that he did not see the truck at all, but there was a car approaching and the lights on the approaching car affected his vision; he was blinded momentarily and was going about forty-five miles per hour. It is clear, therefore, that there is a conflict in the evidence as to whether at the time of the accident there was any red light burning upon the trailer. There is no direct evidence that such a light existed at that time, while there is evidence of a negative character from which a jury might find that there was no red tail light on the trailer at the time of the collision and that the negligence implied by the failure to keep the red tail light burning was a proximate cause of the accident. That question was properly submitted

to the jury, and from this conclusion it follows that the court properly instructed the jury as to the provisions of section 106 of the California Vehicle Act with reference to red tail lights upon motor vehicles upon the highway. We therefore find no merit in this appeal upon the points raised by appellants.

■ Appellants make a further contention that the damage award was excessive as a matter of law. The record in the case includes the motion for new trial from which it appears that no question as to the award being excessive was raised upon the motion for a new trial.

■ It is well settled that a litigant desiring to avail himself of the right to appeal upon the ground of excessive damages must first make such ground a motion for a new trial in order that the trial court may review the matter. In other words, the remedy lies first in a motion for new trial addressed to the trial court, and if it is not brought to the attention of the trial court on a motion for new trial it is too late to raise the point for the first time on appeal. (*Williams* v. *A. R. G. Bus Co.*, 47 Cal. App. 568 [190 Pac. 1036]; *Beatty* v. *Warren*, 130 Cal. App. 573 [20 Pac. (2d) 355].) We find no merit in the appeal.

It is therefore ordered that the judgment be and the same is hereby affirmed.

Thompson, J., and Plummer, Acting P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1935.