[Civ. No. 9103. Third Dist. July 2, 1957.]

PHYLLIS HEFFINGTON et al., Minors, etc., Plaintiffs and Respondents, v. ARLEN LOUIS PAUL et al., Appellants; TROY A. HEFFINGTON et al., Interveners and Respondents.

Hansen, McCormick, Barstow & Sheppard and Manfredo, Best & Forbes for Appellants.

C. Ray Robinson, Donald E. Oren and William W. Coshow for Plaintiffs and Respondents.

No appearance for Interveners and Respondents.

VAN DYKE, P. J.—This is an appeal from an order granting a new trial after a defense verdict in a wrongful death action. The test applicable to a claim of error in granting a new trial is thus expressed in *Brandelius* v. *City & County of San Francisco,* 47 Cal.2d 729, 733 [306 P.2d 432]:

"It is well settled that the granting of a motion for a new trial rests so completely within the discretion of the trial court that its action will not be disturbed unless a manifest and unmistakable abuse of discretion clearly appears. . . . On appeal all presumptions are in favor of the order granting a new trial . . . , and the order will be affirmed if it may be sustained on any ground . . . , although the reviewing court might have ruled differently in the first instance."

Upon motion for a new trial, the respondents herein assigned as error the trial court's refusal to instruct that the deceased minor was presumed to be exercising ordinary care at the time of the accident which caused his death. Respondents further assigned as error the court's refusal to give a requested instruction on the doctrine of the last clear chance. Appellants contend that the requested instructions were properly refused, and that, therefore, there was no ground for a new trial.

The minor was instantly killed when a motor scooter, which he was operating on a public highway at night, was struck from the rear by an automobile being driven by the appellant, Arlen L. Paul, hereinafter referred to as the appellant. The

force of the impact was such that parts of the scooter were strewn over an area of 20 feet and onto and over a fence. Narratively stated, the testimony of a patrol officer who arrived at the scene shortly after the accident was as follows: I located parts of the scooter. The scooter itself was resting on the fence. One part which I believed to be the seat was over the fence. Another part was some 20 feet to the west of the scooter proper and just on the roadway side of the fence. Those were the only parts that I found.

There was other evidence that the car driven by appellant, which struck the scooter, was going more than 70 miles per hour. Respondents called as a witness in their behalf another patrol officer, who testified that he had examined the scooter and its fragments to ascertain whether or not it had been equipped with proper lights, and it is the contention of appellants that the testimony of this witness so produced by respondents dispelled the presumption of due care as a matter of law and justified the court's refusal to give the requested instruction. A narrative of that officer's testimony follows: I found no reflector on the front of the scooter and no light in the rear in the sense of being an electric light. On that particular scooter the lights were run by a generator, and the generator was missing. I was unable to ascertain if there was a reflector on the rear of the scooter. There was a headlight shell on the front of the scooter which was bent. There was no evidence of any globe in it, and there was no globe in it when I examined the scooter. I could find no reflector on the front of the scooter. The parts of the scooter were separated, that is, not in one piece. This picture shown to me was taken after they were put back together, and the picture fairly depicts the rear end of the scooter as I observed it at the scene of the accident. There did not appear to be any provision on the scooter for two riders, such as a so-called "buddy seat." I found on the rear end of the scooter when I examined it two ground straps where there had been a light attached to it, but I found only a portion of such a light. There was a socket into which a light could be screwed, but I found no glass around. I found no evidence during my investigation that there had been a socket in the rear light which was broken in the accident. I found no evidence of a reflector of any kind on the rear end of the scooter. Based upon my investigation, I concluded that the scooter did not have a rear light or a rear reflector. There were no lights and there was no generator, and any lights would have had to

be run by a generator. I found no evidence of the scooter being equipped with a generator at the time of the accident, and I concluded that at the time of the accident this scooter was not equipped with lights of any kind or character.

■ Persuasive as to the lack of lawful light equipment on the motor scooter as this testimony is, and proceeding as it did from a witness called by the respondents, it nevertheless cannot be said, as a matter of law, that it disposed of the presumption of due care. All that can be said is that whether or not due care was being exercised by decedent remained, notwithstanding said testimony, a question of fact; under such circumstances the respondents were entitled to an instruction based on the presumption of due care. In *Gigliotti* v. *Nunes*, 45 Cal.2d 85 [286 P.2d 809], the court said, at pages 92-93:

". . . [I]t is settled law that where alleged negligent acts and conduct of a decedent are at issue before the court and the 'testimony respecting such acts and conduct necessarily must be produced by witnesses other than the deceased, . . . an instruction that the deceased is presumed to have exercised ordinary care for his own concern is . . . proper' except that if the fact proved by uncontradicted testimony produced by the party seeking to invoke the presumption '. . . is wholly irreconcilable with the presumption . . . the latter is dispelled and disappears from the case.'

". . . [T]he fact that other witnesses for the parties testify fully as to the acts and conduct of the allegedly negligent person does not deprive the party relying on the presumption of the benefit thereof unless the testimony which he himself produces . . . is wholly irreconcilable with the presumption sought to be invoked.' " See also *Carswell* v. *Pacific Greyhound Lines*, 7 Cal.App.2d 466, 468-469 [46 P.2d 297] ; *Chambers* v. *Spada*, 133 Cal.App.2d 231, 235-236 [283 P.2d 1067] ; and *Brandelius* v. *City & County of San Francisco, supra*, p. 739.)

We hold that the issue as to deceased's lack of care was factual, and that in this case, in determining the question, the jury were entitled to consider as evidence the presumption that decedent was exercising ordinary care. (*Douglas* v. *Hoff*, 82 Cal.App.2d 82, 85-87 [185 P.2d 607].) Therefore, the failure to give the requested instruction on the presumption of due care constituted error.

■ Under the facts disclosed by the record, we hold that it was also error to refuse to instruct that the doctrine of last clear chance applies where, the other elements of the doctrine

being present, the deceased is totally unaware of his danger and for that reason is unable to escape. The doctrine has been recently stated by the Supreme Court in *Brandelius* v. *City & County of San Francisco, supra,* at page 743, as follows:

". . . The doctrine of last clear chance may be invoked if, and only if, the trier of the facts finds from the evidence: (1) that the plaintiff was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger; (2) that defendant knew that plaintiff was in a position of danger and further knew, or in the exercise of ordinary care should have known, that plaintiff was unable to escape therefrom; and (3) that thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure."

Even if the jury determined that the motor scooter was not equipped with lights as required by law, and that, therefore, the decedent was negligent in being upon the highway and operating thereon such a vehicle, nevertheless there were facts from which the jury could also have found that the appellant had the last clear chance to avoid injuring decedent, and that he did not utilize it. There was evidence that decedent was riding his motor scooter at a moderate rate of speed and close to the right-hand edge of the paved portion of the highway, where appellant, driving at a high rate of speed, came upon him from behind, and yet decedent did not alter his course. From this evidence the jury could have concluded that decedent gave the appearance of not being aware of the danger coming from his rear. Appellant was driving a car equipped with lights that would have made the scooter visible for 300 feet or more and had about 20 feet of paved roadway into which he could have turned to his left and a graded shoulder and large parking area into which he could have turned to his right thus avoiding a collision with the scooter. From all these facts the jury could have concluded that decedent was totally unaware of his danger and, for that reason, unable to escape. The jury could further have found that appellant, in the exercise of due care, ought to have known decedent was unaware of his peril while there was still time to avoid running him down. The instruction given left out

the element, so important to respondents' case, of decedent's being unaware of his peril and of the consequences that could flow therefrom. Respondents had requested the inclusion of this element in the definition of last clear chance.

Upon this record the trial court acted within its discretion in concluding that for the errors which had occurred during the trial the verdict of the jury in favor of respondents should be set aside and a new trial ordered.

The order appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 27, 1957.

*Assigned by Chairman of Judicial Council.