[Civ. No. 835.   Second Appellate District.—November 28, 1910.]

LUCY L. WASHINGTON, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY, a Corporation, Appellant.

NEGLIGENCE—COLLISION OF PASSENGER CARS—DAMAGES—LOSS OF EARNING POWER OF PHYSICIAN—INSTRUCTION.—In an action for injuries sustained by the collision of passenger cars, where plaintiff alleged that at the time of the injury she was a physician, and that by reason of her injuries she has been unable to follow her profession since the accident, to her damage in the sum of $600, and alleged general damages in the sum of $25,000, where the evidence showed that she had practiced her profession for a number of years prior to the accident, but did not show the amount that she had earned, a requested instruction that the jury, in the absence of proof of such amount, could not take into account the loss of earning power, if any had been suffered by the plaintiff, in estimating the amount of damages to be awarded, was properly refused.

ID.—FAILURE OF COURT TO LIMIT LOSS OF EARNING POWER—OTHER LIMITING INSTRUCTIONS—PRESUMED ACTION OF JURY.—Though the court did not specifically, in its instructions, limit the loss of earning power to $600, yet where they were instructed repeatedly that the amount of damages awarded should not exceed the amount sued for, and the jury had the complaint before them in which the claim for damages for loss of earning capacity was limited to $600, it must be assumed that in estimating the total amount of damages to be allowed, the jury took into consideration the claim of $600 made by plaintiff, and in fact allowed no more than that sum on that account.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Gibson, Trask, Dunn & Crutcher, and Robert C. Gortner, for Appellant.

E. P. Drake, and Jones & Drake, for Respondent.

JAMES, J.—Plaintiff was awarded a judgment for damages for personal injuries alleged to have been suffered by her through the negligence of defendant. The amount which she was found entitled to recover was the sum of $4,250.

It was admitted by the answer that the collision between the car upon which plaintiff was riding at the time she was injured, and a car of the Los Angeles Railway Company, was caused by the negligence of defendant. The issues, therefore, left for the jury to determine were: 1st. What injuries, if any, were sustained by the plaintiff? and 2d. What amount of money would justly compensate her therefor? Defendant presented to the trial court a motion for a new trial and appealed from the order denying such motion, and also from the judgment entered against it.

The giving of certain instructions, and the refusal of the court to give others offered by the defendant, are assigned as errors.

It was alleged in the complaint that at the time she suffered the injuries complained of the plaintiff was a practicing physician; that by reason of her injuries she had been unable to follow her profession since the accident, and in that respect was damaged in the sum of $600. Damages in all were claimed in the complaint in the sum of $25,600. The evidence showed that the plaintiff was a woman of the age of sixty-seven years; that her business was that of a physician, and that she had practiced her profession for a number of years prior to the date when she sustained the injuries complained of. There was evidence of several witnesses that she attended them at different times professionally. There was no evidence as to the amount of money that plaintiff had earned or was earning in her practice as a physician, and upon this state of

facts defendant offered an instruction by which it was sought to have the jury advised that they could not take into account the loss of earning power, if any had been suffered by the plaintiff, in estimating the amount of damages to be awarded. In this behalf it is insisted that without proof of some specific or particular sum of money which had been or was at the time of the accident being earned by the plaintiff, no recovery could be had on this account. A number of decisions of the courts of other states are cited in support of appellant's view on this proposition, but the question seems to have been very definitely determined adversely to appellant's contention by the supreme court of this state. In the case of *Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 93, [66 Pac. 72], the point insisted upon by appellant here was there made. In its discussion of that matter the supreme court said: ''The objection of the appellant, that, as there was no specific testimony that the plaintiff was earning anything at the time of the injury, or of the amount that he was capable of earning, any verdict of the jury under this instruction would be merely conjecture, is untenable. His right to recover does not depend upon the fact that at the time of the injury he was actually employed in the service of another, nor does the amount of his recovery depend upon the amount of wages which he was receiving. The fact that he was not in the receipt of any salary or wages, but was attending to his own business, does not deprive him of right to compensation for the loss of his earning capacity, since it is what he was capable of earning, rather than what he was actually earning, that was to be considered by the jury. It may be conceded that in the absence of all evidence tending in any respect to show an impairment of his earning capacity, the jury would not have been authorized to include any compensation therefor in their verdict, but it does not follow that it was necessary that there should be direct or specific testimony that he was in the actual receipt of wages, or capable of earning a specific sum in any particular employment.'' This decision was followed by this court in the case of *Evarts* v. *Santa Barbara Consolidated Ry. Co.*, 3 Cal. App. 713, [86 Pac. 830]. In that case, like the one here, the plaintiff was a physician, and there was an absence of testimony showing what amount of money he had been or was earning in the practice of his profession at the time

he sustained the injuries for which he recovered damages. This court there said: "In this case, there was not presented to the jury the value of the services of the deceased to his patients, or the amount of his earnings, yet there was evidence that he was a regular practicing physician, that he possessed a number of patients, some of whom he was attending at the time of his injury, and that he was a strong man in the prime of life; from which facts alone the jury would be authorized to give substantial damages." Upon similar evidence was the issue presented to the jury as to whether or not there had been in this case an impairment of the earning capacity of the plaintiff.

Complaint is made because the court did not instruct the jury in terms that the amount for which recovery could be had because of the loss of earning capacity was limited to the sum of $600, as alleged in the complaint. It is true that the jury were not so specifically instructed, but in several of the instructions of the court it was stated that the amount of damages awarded should not exceed the amount sued for. The jury had the complaint of plaintiff before it, and in that complaint there was no claim for any greater amount of damages on account of loss of earning capacity than the sum of $600. It must, therefore, be assumed that in estimating the total amount of damages to be allowed the jury took into consideration the claim made by the plaintiff, and did in fact allow no more than that sum on such account.

What is said upon the points discussed disposes of other alleged errors.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1911.