[Civ. No. 4320.   Second Appellate District, Division One.—November 25, 1924.]

HOWARD S. HOLMES, Respondent, v. CALIFORNIA CRUSHED FRUIT COMPANY, INC. (a Corporation), Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES — DAMAGES — EARNINGS.—In an action for damages for personal injuries, the rule is that, although one may not work every day, nor all the time, damages may be estimated upon one's ability to earn money, rather than upon what one is either earning or has actually theretofore earned.

[2] ID.—LOSS OF TIME—DAMAGES — FINDING — EVIDENCE.—In this action for damages for personal injuries sustained by plaintiff by reason of his being struck by an automobile, the finding as to plaintiff's damage resulting from loss of time was justified by the evidence.

[3] ID.—DAMAGES—JUDGMENT—EVIDENCE.—In such action, there having been substantial evidence as a basis upon which to rest the judgment of $3,000 for personal injuries, it cannot be said as a matter of law that the judgment was excessive.

[4] ID.—EXCESSIVE DAMAGES—APPEAL.—On the question of excessive damages the appellate court will not interfere unless it is evident that the damages awarded were "flagrantly outrageous and extravagant."

(1) 17 C. J., pp. 897, 898, sec. 196.   (2) 17 C. J., p. 1042, sec. 340.
(3) 17 C. J., p. 1091, sec. 408.   (4) 4 C. J., p. 873, sec. 2847.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Adams, Adams & Binford for Appellant.

E. B. Drake for Respondent.

1. Measure of recovery for personal injuries, note, Ann. Cas. 1913A, 1361. See, also, 8 R. C. L. 473; 8 Cal. Jur. 811.

3. Excessiveness of verdicts in actions for personal injuries other than death, note, L. R. A. 1915F, 30. See, also, 8 R. C. L. 673; 8 Cal. Jur. 833.

4. See 8 Cal. Jur. 834.

HOUSER, J.—In an action for damages arising out of personal injuries sustained by plaintiff by reason of his being struck by an automobile which was being operated by the defendant, plaintiff was awarded a judgment against the defendant for the sum of $3,947.30, divided as follows: For physical injuries, the sum of $3,000; for doctors' bill, $212.30; for loss of time, $735.

Appellant's first assignment of error is that the trial court erred in finding "that since said accident he (plaintiff) has been unable to engage in said or any work or to earn said or any sum, to his damage in that behalf in the sum of $735.00."

The evidence showed that before the accident, when plaintiff worked (which was about two-thirds of his time), he earned between $5 and $7.50 per day, or at the rate of from $130 to $195 per month. The damages allowed by the court on the item of which complaint is made was at the rate of $100 per month. It is evident that by reason of unemployment one might earn no money during the space of a month, or a year, or any other period of time, and yet one's capacity for work and ability to earn money during such period might be entirely unimpaired. [1] The rule is that, although one may not work every day, nor all the time, damages may be estimated upon one's ability to earn money, rather than upon what one is either earning or has actually theretofore earned. (*Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91 [66 Pac. 72]; *Evarts* v. *Santa Barbara etc. Ry. Co.,* 3 Cal. App. 712 [86 Pac. 830]; *Washington* v. *Pacific Electric Ry. Co.,* 14 Cal. App. 685 [112 Pac. 904]; *Meek* v. *Pacific Electric Ry. Co.,* 175 Cal. 53 [164 Pac. 1117].)

[2] In the circumstances the finding was fully justified by the evidence.

[3] The only other specification of error is that the general damages awarded are excessive and disproportionate to the injury sustained. The evidence adduced on the trial showed, among other things, that both bones of one of plaintiff's legs were broken near the ankle; also, that one of his hands was injured; that plaintiff suffered pain and considerable shock; that his leg was in a cast for a period of about six weeks, and thereafter plaintiff walked first with the aid

of crutches and latterly by using a cane; that at the time of the trial, which was about seven and one-half months after the accident occurred, plaintiff walked without a cane; and the attending physician testified that while the maximum of his recovery could be expected in from four to six months thereafter, plaintiff's foot and ankle would never be "anywhere near as well as it was before the accident." With reference to the injury to plaintiff's hand, the doctor further testified that there was "probably an injury to the nerve or nerve sheath from sprain or blow that caused the hand to, or the parts that the nerve supplied, to become somewhat hypersensitive and the parts to be weaker"; and that by reason thereof plaintiff was apt to have trouble in that hand during the remainder of his life.

It therefore appears that there was substantial evidence as a basis upon which to rest the judgment of $3,000 for personal injuries. As a matter of law, it cannot be said that the judgment was excessive. [4] The rule is well established that on the question of excessive damages the appellate court will not interfere unless it is evident that the damages awarded were "flagrantly outrageous and extravagant." (*Aldrich* v. *Palmer,* 24 Cal. 513; *Anderson* v. *San Francisco etc. Rys.,* 61 Cal. App. 21 [214 Pac. 289]; *Johnson* v. *Hendrick,* 45 Cal. App. 317 [187 Pac. 782]; *Morgan* v. *Southern Pac. Co.,* 95 Cal. 501, 508 [30 Pac. 601]; *Reeve* v. *Colusa G. & E. Co.,* 152 Cal. 99 [92 Pac. 89]; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 254 [116 Pac. 513]; *Campbell* v. *Bradbury,* 179 Cal. 364 [176 Pac. 685]; *Bisinger* v. *Sacramento Lodge No. 6,* 187 Cal. 578 [203 Pac. 768].)

The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.