[Civ. No. 6687. First Appellate District, Division One.—March 4, 1929.]

LEON GIRARD et al., Respondents, v. TOM IRVINE, Appellant.

LEONIE GIRARD (a Minor), etc., Respondent, v. THOMAS IRVINE, Appellant.

Nathan F. Coombs and Redman & Alexander for Appellant.

Philip M. Carey, Thomas C. Anglim, Robert Collins and Marvin B. Sherwin for Respondents.

THE COURT.—On May 29, 1925, Leon Girard and his wife, Louise, and Leonie, his daughter (who is a minor) were riding in their Ford car, driven by respondent Leon Girard, south along the public highway between the towns of St. Helena and Napa. At a point about a mile north of the town of Rutherford a collision occurred with a Nash car, which was being driven by defendant Irvine in a northerly direction. Due to the collision both Louise and Leonie Girard received personal injuries and the Ford car was damaged.

The first action was brought by Girard and his wife to recover for the injuries suffered by Mrs. Girard and the damage to the Ford automobile; and the second by Leonie Girard, through her father as guardian *ad litem*, to recover for the injuries which she received. The cases were tried together, and the jury returned a verdict for the plaintiffs in the first action in the sum of $2,567 and a verdict of

$2,500 for the plaintiff in the second action. From the judgments entered thereon defendant Irvine has appealed.

As grounds for reversal it is claimed that the findings against appellant on the question of negligence are unsupported; that the attorney for the plaintiffs was guilty of prejudicial misconduct, and that the court erred in certain of its instructions to the jury and by refusing an instruction offered by appellant.

■ As to the first point it will be sufficient to say without reviewing the evidence in this opinion that while the evidence was conflicting the conclusion of the jury that the accident was caused solely by the negligence of the defendant Irvine was fully supported.

■ In the course of the direct examination of Mrs. Girard she testified without objection that after receiving treatment for her injuries during a certain period she was financially unable to continue treatments, and further, that her husband was a laboring man earning daily wages. Later her husband on cross-examination by the defendant testified that at the time of the accident he was in the employ of a farmer in Napa County engaged in vineyard work. Counsel for plaintiff in the course of his argument to the jury said of opposing counsel: "Mr. Alexander has been unfair in many ways in fighting this claim. He is trying to deprive poor people of their rights." These remarks counsel for defendant assigned as misconduct, and requested the trial court for that reason to discharge the jury. In reply counsel for plaintiffs said: "The evidence shows that they were poor people. Mrs. Girard was unable to take further medical treatment for that reason."

Assuming the remarks even in view of the evidence to have been improper, they were not of a character which would have justified an order discharging the jury, nor were they such that their effect upon the jury, if any, could not have been removed by an instruction that they be disregarded. No request for such an instruction was made and appellant is consequently not in a position to complain (*People* v. *Babcock*, 160 Cal. 537 [117 Pac. 549]; *Grossetti* v. *Sweasey*, 176 Cal. 793 [169 Pac. 687]; *Scott* v. *Times-Mirror Co.*, 181 Cal. 345 [12 A. L. R. 1007, 184 Pac. 672]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393]).

■ Appellant also complains of questions asked of one of the jurors on his *voir dire* as to his acquaintance with

any persons connected with an accident insurance company, including an adjuster for the company, both the company and the adjuster being named by counsel, and in the latter connection counsel for the defendant was asked whether the adjuster was present in court. Following this the court at the request of the appellant instructed the jury that no insurance company was a defendant in the case.

It is contended that the purpose of the questions was to inform prospective jurors that an insurance company, as the insurer of the defendant, was interested. While evidence that a defendant in an action for damages is insured against loss is not admissible (*Roche* v. *Llewellyn Iron Works Co.*, 140 Cal. 563 [74 Pac. 147] ; *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176 [118 Pac. 700]), and it is improper for counsel to endeavor to get the fact before the jury by questions designed solely for that purpose (*Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739]), nevertheless it is proper for counsel to ask in good faith such questions as may be necessary to ascertain whether prospective jurors are free from bias or prejudice that might affect their verdict (*Cozad* v. *Raisch Imp. Co.*, 175 Cal. 619, 624 [166 Pac. 1000] ; *Arnold* v. *California Portland Cement Co.*, 41 Cal. App. 420 [183 Pac. 171]) ; nor can such questions, conceding their impropriety, be said to have resulted in a miscarriage of justice where the amount assessed by the jury as damages is not disproportionate to that which the evidence reasonably shows and the defendant's liability therefor under the evidence is not a close question (*Eldredge* v. *Clark & Henery Construction Co.*, 75 Cal. App. 516 [243 Pac. 43]). In the present case the negligence of the defendant was not in our opinion a close question, and we cannot say that the questions asked were necessarily prejudicial; nor is it clear from the record that they were not asked in good faith.

In denying defendant's motion for a new trial based upon the grounds, among others, of the misconduct of plaintiff's counsel, the trial court impliedly determined that no prejudice was suffered by the defendant, and its conclusion cannot be disturbed unless, under all the circumstances, it was plainly wrong (*La Fargue* v. *United Railroads*, 183 Cal. 720 [192 Pac. 538]). This cannot be said here.

Counsel for the plaintiffs during the course of the trial questioned witnesses for the appellant on their cross-

examination as to certain written statements made by them after the accident. These questions, which were objected to by appellant, related principally to what had been done with the writings after the same had been signed by the witnesses and their present whereabouts. Further, in the cross-examination of the appellant, he was asked if he had ever talked with the insurance adjuster mentioned about the facts of the case. The court's rulings in the above connection are assigned as error; and it is further contended that these questions also tended to apprise the jury of the fact that the appellant was insured.

The written statements, according to the testimony of the several witnesses indicated, contained matter manifestly relating to the merits of the action, and the production of which if in their possession the court might have compelled (Code Civ. Proc., sec. 1000; *Ex parte Clarke*, 126 Cal. 239 [77 Am. St. Rep. 176, 46 L. R. A. 835, 58 Pac. 546]; *Morehouse* v. *Morehouse*, 136 Cal. 332 [68 Pac. 976]; *Roche* v. *Llewellyn Iron Works Co., supra*). The questions were not such that their necessary effect was to apprise the jury that the defendant was insured; nor does the record indicate that this was the intention of counsel, and under the above authorities the questions were properly allowed.

Appellant complains of the refusal of an instruction offered by him which stated in substance that unless the jury found that the speed at which his automobile was being driven at the time of the accident proximately contributed thereto the question of speed was immaterial. The point was fully covered in other instructions by the court, and the refusal of the instruction offered was not erroneous.

The court instructed the jury that "In civil cases the affirmative of the issue must be proved, and when the evidence is contradictory the decision must be made according to the preponderance of the evidence." While the instruction is one which the court is required to give on all proper occasions (Code Civ. Proc., sec. 2061, subd. 5), appellant claims that it required him to meet the case made by the plaintiffs by a preponderance of the evidence. This was not its effect as the burden was expressly placed upon the party having the affirmative of the issue, which in this case, pleas of contributory negligence having been interposed to both complaints, would as to that issue rest upon appellant

(*Gett* v. *Pacific Gas & Electric Co.*, 192 Cal. 621 [221 Pac. 376]).

■ The jury was also instructed as follows: "When two moving vehicles coming toward each other meet on a highway the driver of each must turn seasonably to the right of the center of the highway so as to pass without interference. If you find from the evidence in this case that the defendant Irvine had clear opportunity and room on said highway to seasonably turn to his right of the center of the highway, and thus pass Girard's automobile without interference or collision; and you further find that the defendant Irvine failed so to do, then I instruct you that his failure in this regard, if any, would constitute negligence on the part of the said defendant Irvine."

Appellant contends that the element of reasonable care was omitted from the above, and that there was placed upon him the absolute duty to turn seasonably to the right.

The instruction standing alone would be subject to criticism, but elsewhere the jury was fully and correctly instructed that if they found that appellant immediately before the accident used ordinary care and caution in the operation of his automobile, i. e., such care and caution as a reasonably prudent person would have exercised under the circumstances, no damages could be awarded against him. This, we think, was sufficient to remove any impression that the appellant would be guilty of negligence, notwithstanding that he had used reasonable care to avoid the collision.

■ The jury was further told that if the plaintiff Girard was suddenly placed in peril by the negligence, if any, of the appellant, and did not have sufficient time thereafter to consider all the circumstances, then he was excusable for omitting some precautions for his own safety and the safety of those with him which otherwise he would have taken; and likewise excusable for making, if the jury so found, an unwise choice under this disturbing influence.

It is claimed that the instruction ignored the question whether the plaintiff's position of peril was due to his own negligence. The instruction did not purport to say that a person placed in sudden peril by his own negligence is removed from the imputation of contributory negligence, but that an unwise choice under such circumstances is not of

itself contributory negligence. Similar instructions were approved in *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358], and *Hammond* v. *Pacific Electric Ry. Co.*, 32 Cal. App. 756 [164 Pac. 50]. Moreover, the jury was repeatedly instructed that if Girard in the operation of his automobile was guilty of negligence which in the slightest degree proximately contributed to the accident, then neither he nor his wife could recover.

The court by its instructions submitted to the jury the questions whether her injuries had impaired the earning capacity of Leonie Girard or were reasonably certain to do so in the future, and the amount of damage, if any, suffered by Girard by reason of injuries to his automobile. It is claimed that there was no evidence which justified the submission to the jury of the minor's loss of earning capacity; further, that any loss in that respect during minority could only be recovered by her parents, and that the jury was authorized by the court's instruction to allow the sum of $375 for the damage to the automobile, whereas the evidence showed its value to have been much less than that amount.

Contrary to appellant's contention, the jury was instructed that Girard alleged a damage to his automobile in the sum of $375; that if they found for him, no allowance in a sum greater than that amount should be made. The plaintiff testified that in 1921 he paid $375 for the car, which was a 1919 model, and that about three months prior to the accident it was overhauled at a cost of $73. After the accident, according to certain of the testimony, it was valueless. The question of its value immediately before the accident was one for the jury, and their conclusion for aught that appears was fully supported.

The evidence shows that among other injuries the minor sustained an injury to one of the bones of her leg, the periosteum being affected. This caused swelling and pain at the time of the accident, and the condition occurred again in 1926. In the opinion of her physician the injury was of such a character that the condition might be a recurring one, although he was unable to give a definite opinion in that regard. While it does not appear that anything had been earned by the minor, either before the accident or subsequently, nevertheless damages may be estimated upon

earning power; and if this has been lessened a recovery may be had, regardless of whether the injured person had worked or not (*Storrs* v. *Los Angeles Traction Co.*, 134 Cal. 91 [66 Pac. 72]; *Gotsch* v. *Market St. Ry.*, 89 Cal. App. 477 [265 Pac. 268]; *Holmes* v. *California etc. Fruit Co.*, 69 Cal. App. 779 [232 Pac. 178]). For this there is no precise measure of damages (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237 [116 Pac. 513]; *Dow* v. *City of Oroville*, 22 Cal. App. 215 [134 Pac. 197]). The evidence was sufficient to justify the submission of the question to the jury, her earning capacity and the degree to which the same might be lessened by her injuries being presumably within the knowledge or observation of the jury as persons of ordinary intelligence and experience (*Storrs* v. *Los Angeles Traction Co.*, supra; *Gotsch* v. *Market St. Ry.*, supra).

While the earnings of the minor during minority belonged to her parents equally (Civ. Code, sec. 197), here her father, having brought the action as her guardian *ad litem* claiming such loss on her behalf, would be estopped from attempting to recover the same in an action brought on his own behalf (*Moline Timber Co.* v. *Taylor*, 144 Ark. 317 [222 S. W. 371]; *Morris* v. *Kasling*, 79 Tex. 141 [15 S. W. 226]; *Kenure* v. *Brainerd etc. Co.*, 88 Conn. 265 [91 Atl. 185]; *Baker* v. *Flint etc. R. R. Co.*, 91 Mich. 298 [30 Am. St. Rep. 471, 16 L. R. A. 154, 51 N. W. 897]; *Louisville Ry. Co.* v. *Esselman* (Ky.), 93 S. W. 50; *Revel* v. *Pruitt*, 42 Okl. 696 [142 Pac. 1019]; *Abeles* v. *Bransfield*, 19 Kan. 16; *American Car & Foundry Co.* v. *Hill*, 226 Ill. 227 [80 N. E. 784]).

As to the interest of the mother therein it is not contended that any action has been brought by her to recover for any loss in this respect. Moreover, the record shows that with full notice of the action brought by her daughter and the amount and character of the damage alleged, she testified in support of her daughter's claims and has in no manner asserted a right to a portion of the amount recovered. Under such circumstances it has been held that any right thereto was waived, and that the defendant could not complain that the child's recovery was not restricted to the period following her minority. (*Louisville, H. & St. Louis Ry. Co.* v. *Lyons*, 156 Ky. 222 [160 S. W. 942].)

The conclusions of the jury were fully sustained by the evidence, and in neither of the cases was the amount of damages awarded excessive. After an examination of the record in each case, including the evidence, we find no error which in our opinion resulted in a miscarriage of justice or would justify a reversal of either of the judgments appealed from.

The judgments are accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

All the Justices present concurred.