[Civ. No. 7030. First Appellate District, Division Two.—January 15, 1930.]

WILLIAM A. RICHMOND, Jr. (a Minor), etc., Respondent, v. MRS. WILLIAM G. MOORE, Appellant.

WILLIAM A. RICHMOND et al., Respondents, v. MRS. WILLIAM G. MOORE, Appellant.

Redman, Alexander & Bacon for Appellant.

Jesse H. Steinhart and John J. Goldberg for Respondents.

KOFORD, P. J.—The above-named minor respondent and his parents obtained separate verdicts and judgments for damages for personal injuries received by the minor when struck by the automobile of appellant.

The points raised on appeal relate to the sufficiency of the proof, the examination of the jurors, rulings on the evidence and instructions to the jury.

The minor was eight years of age at the time of the accident. He was struck by the appellant's automobile just after he had stepped off of the No. 32 street-car at its southerly and westerly terminus on the west side of Stanyan Street just north of Haight Street, San Francisco. The street-car had approached Haight Street from the north. The automobile came toward the street-car from the south. The minor left the street-car by the front or southerly platform of the street-car and stepped off from the exit of the east side thereof, that being the only exit provided for him. According to the evidence relied upon by respondents, the minor was struck immediately upon stepping off the street-car and within two feet thereof. The appellant claims that the minor respondent suddenly rushed out from the street-car in a diagonal direction without looking for an automobile and had proceeded six or eight feet from the street-car before being struck.

■ While the evidence is conflicting, our examination of the record discloses sufficient evidence of negligence on the part of appellant to support the verdict in favor of respondents. The evidence disclosed negligence on the part of the appellant in several particulars. The jury could have concluded from the evidence that appellant's speed of twenty-five or thirty-five miles per hour was excessive and negligent under the circumstances and conditions disclosed by the record that she should have given a warning signal of her approach; that she drove too close to the street-car, seeing either the conductor or minor respondent making ready to alight in the direction of her course.

■ It is argued that this court should hold the minor respondent negligent himself as a matter of law. The form of the argument deserves mention. First, the evidence is explained and interpreted in a way so favorably to the appellant as to show that the conduct of the minor in an adult person would amount to contributory negligence; then authorities are cited showing that under some circumstances minors as young as eight years have not only been held capable of contributory negligence but also have been held barred by contributory negligence as a matter of law. Other citations by appellant, however, show that her counsel realize that the question of contributory negligence of a minor cannot be thus divided into two parts. The question must be answered by a consideration of all the evidence in the case, including the evidence of the age and mental capacity of the minor. These last-mentioned facts are to be considered in direct conjunction with each other fact in the case. Neither the trial court nor this court should hold as a matter of law that the minor respondent was guilty of contributory negligence as a matter of law. The effect of his age upon the question of whether he had measured up to the standard of care and conduct which the law exacts from him was a question of fact for the jury. The same thing is true for an additional reason. The facts relied upon by appellant to show that the minor respondent was negligent are disputed facts. The evidence by no means compelled the jury to find that the minor jumped off a moving street-car in the middle of the block and without looking for automobiles, ran in a diagonal course toward the sidewalk and directly into the path of the automobile.

Evidence to the contrary justified the jury in finding that the accident did not occur in the manner claimed by the appellant.

Upon motion for new trial appellant's counsel filed an affidavit setting out that in the examination of the jurors they were asked if they were interested as stockholders or otherwise in the Standard Accident Insurance Company. The affidavit further set forth that the named insurance company had not in fact insured the appellant. The counter-affidavit of respondents' counsel stated that the question was asked in good faith, believing that the named insurance company was in fact the insurance carrier of appellant, that appellant was insured at any rate (upon information and belief) in some company which conducted her defense, that the jurors were also questioned generally as to their interest in any liability insurance company, and that counsel for appellant made no objection of any kind in respect to such examination of jurors by respondents. Under these affidavits the trial court was justified in concluding that the incident was merely one of misnomer and that it was neither intended to result nor did it result in a verdict arrived at in any part by an improper consideration of the fact that an insurance carrier would be responsible for such damages as might be awarded respondents. No question is made by the parties of the circumstance that this point was raised in the trial court only by affidavit on motion for a new trial. We should nevertheless say that appellant, after hearing the examination of the jurors at the very outset of the trial, should not be permitted to sit silently through the trial without making any objection and then raise the point only in the event of an unfavorable verdict.

Parties may examine jurors to ascertain their possible financial interest in the outcome of the case, but an appeal to prejudice or to other improper considerations has never been permitted. (*Girard* v. *Irvine,* 97 Cal. App. 377 [275 Pac. 840], and cases therein cited.) The denial of a new trial was a decision by the trial court that the verdict was not induced by improper considerations and this decision cannot under the circumstances shown by the affidavits be said by this court to be unjustified. (*Girard* v. *Irvine, supra.*)

Appellant testified upon direct examination that after the boy had been removed from beneath her automobile and placed within it, she asked the conductor something (the record does not show what she asked him), but upon objection being made she was not permitted to testify what the conductor had stated. The statement is claimed by appellant to have been a spontaneous and unpremeditated one and, therefore, admissible as part of the *res gestae* according to the rule in *Huckle* v. *Southern Pac. Co.,* 123 Cal. 441 [56 Pac. 56]. The meager record on this point fails to show that the statement was any part of the *res gestae*. On the contrary, it rather shows that it was not. Neither does the record show whether the alleged statement of the conductor was material or whether its exclusion was harmful in any way. Appellant should have shown each of these things in order to sustain the burden resting upon an appellant. (*Marshall* v. *Hancock,* 80 Cal. 82 [22 Pac. 61]; *Snowball* v. *Snowball,* 164 Cal. 476 [129 Pac. 784]; *Coleman* v. *Farwell,* 206 Cal. 740 [276 Pac. 335]; *Dougherty* v. *Ellingson,* 97 Cal. App. 87 [275 Pac. 456].)

In answering certain questions upon direct examination, appellant answered that she had not sounded her horn prior to the accident and insisted upon adding to her answer "there was no reason for me to (do so)" and "the car was not close enough to me for that when I first saw him (the conductor)." These parts of her answers were properly stricken out upon the ground that they stated conclusions of the witness rather than facts.

Appellant claims that the giving of instruction No. 7 was reversible error under the authority of *People* v. *Miller,* 171 Cal. 649, 653 [154 Pac. 468], and *Estate of Ross,* 179 Cal. 629 [178 Pac. 510]. The instruction reads: "Evidence is satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict. It is not necessary that your minds be free from all doubt." The instruction should not have been given. The question remains, however, whether the giving of it requires a reversal of the case. In this connection two things should be noticed. First, the court also gave complete and proper instructions upon the subject of burden of proof and preponderance of evidence, stating that in civil cases a preponderance of evidence is

all that is required and also stating that if the minor respondent was guilty of any negligence which contributed proximately to his injuries then none of the plaintiffs could recover. It also instructed that the other respondents must have been free of any contributory negligence in order to recover. Second, it should be noticed that the instruction complained of, in requiring a greater degree of proof to justify a verdict than is required by law, operated upon the respondents in respect to sustaining their burden of proving appellant's negligence more directly than upon the appellant in respect to sustaining her burden of proving the defense of contributory negligence. Upon these two grounds the instruction complained of has been held not to justify a reversal of a cause. (*Gregoriev* v. *Northwestern Pac. R. R. Co.,* 95 Cal. App. 428, 447 [273 Pac. 76, 84], and cases therein cited; *Mella* v. *Hooper,* 200 Cal. 628 [254 Pac. 256] ; see, also, *East Bay Municipal Utility Dist.* v. *Kieffer,* 99 Cal. App. 240 [278 Pac. 476].)

It was proper for the court to instruct that the burden of proof to establish contributory negligence of plaintiff was upon appellant without stating in the same instruction that such contributory negligence might be made to appear by evidence offered by the plaintiffs as well as by the evidence offered by the defendant. That such contributory negligence may be shown by evidence offered by the plaintiffs is not an exception to the rule that the burden of proof is upon the defendant. It is only one of the ways in which the burden of proof may be sustained. There was no more reason for attaching this statement to an instruction on the defendant's burden of proof than to an instruction upon the plaintiffs' burden of proof. Furthermore, the instructions clearly state in another part that appellant's defense could be inferred from evidence offered by respondents.

It was not error to instruct upon the proof of negligence by the proof of violation of a statute or ordinance without stating in the same instruction that negligence so proven is not actionable negligence unless it is a proximate cause of the injury. In the instant case the court also instructed upon the two subjects in a single instruction immediately preceding the questioned one. Neither did the court err in not including in the same instruction a statement concerning the excusable, unintentional or blameless

violation of an ordinance or statute. Such a violation, of course, is not in fact or in law a true violation. The case relied upon by appellant in this connection, *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675], relates to the failure of a motorist to maintain a tail-light burning on his automobile—something which might occur without the knowledge or negligence of the motorist. The case holds that an instruction on this point should have been given because requested and applicable. The appellant does not claim that the evidence in this case particularly made this matter a proper subject of instruction and the appellant did not ask the court to instruct upon the subject.

■ The court did not err in refusing to instruct the jury that the respondent could not recover if the accident was caused solely by the negligence of the street-car company. The street-car company was out of the case, its motion for nonsuit having been granted. The only helpful part of the requested instruction was the word "solely." It was a poor way of stating the condition of no actionable negligence upon the part of the appellant, for it called the attention of the jury to a false quantity in the case.

■ The court properly refused to instruct the jury upon the duty of an adult person when crossing a street. The requested instruction as worded would require of the minor respondent the same care as that required of an adult.

■ The award of damages was not excessive. The minor's injuries included a transverse fracture of the right leg near the knee, transverse fractures of both arms, and bad cut over left eye which became infected. The minor remained in a hospital with plaster casts on both arms and on the broken leg extending up to the ribs. He remained in the hospital two months and in bed at home for a month longer. There was also testimony to the effect that he suffered nervous shock, contusions and bruises, impairment of his health and strength, and that at the time of the trial he was still nervous and carried a plainly visible scar two inches long over his left eye. There is no merit in the contention that the award of $5,000 was excessive in view of the injuries received by the minor respondent. ■ The award of $2,500 to the parents of the minor included $1125

actual expense. The court's instructions limited the amount which the jury might award the parents to two things, the expense incurred by reason of the accident and such sum as would compensate them for any loss of earnings or service of the minor which they would reasonably suffer during his minority. The absence of evidence of actual earnings of the minor did not make this instruction erroneous. (*Girard* v. *Irvine*, 97 Cal. App. 377 [275 Pac. 840], and cases therein cited.) In the instant case the parent respondents were not suing for the loss of actual earnings and services of their minor eight year old son as special damages. Such a point was foreign to the trial and it is not conceivable that the jury included in the award to the respondents anything other than would be legitimately included in the parents' damage for the loss of earning capacity and capacity for services of the minor for which there is no precise measure of damages. (*Girard* v. *Irvine, supra; Scally* v. *W. T. Garratt & Co.*, 11 Cal. App. 138 [104 Pac. 325].)

This disposes of all the points raised by the appellant. The judgments appealed from are affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 13, 1930.

All the Justices concurred.