[Civ. No. 7855. First Appellate District, Division Two.—August 26, 1931.]

SARAH J. MAGGART, Respondent, v. GRANT C. BELL, Appellant.

ANNA DEVANY, Respondent, v. GRANT C. BELL, Appellant.

Barry J. Colding, Theodore Hale, B. P. Gibbs and Carroll B. Crawford for Appellant.

Eugene J. Mooslin for Respondents.

SPENCE, J.—The above-entitled cases were consolidated for the purpose of trial and pursuant to stipulation and order were consolidated for the purpose of appeal. In the trial court judgments were entered upon the verdicts in favor of plaintiffs Sarah J. Maggart and Anna Devany in the sums of $5,000 and $4,000, respectively, for personal injuries alleged to have been caused by the negligence of defendant. From these judgments defendant appeals.

Appellant first contends that he was prevented from having a fair trial by reason of prejudicial conduct on the part of respondents' counsel in intimating to the jury that appellant was insured. We find no merit in this contention. After the court had propounded certain questions to the jurors, respondents' counsel asked, ''Has anyone of you been employed by the Pacific Casualty Automobile Association?'' Appellant objected to the question and the objection was overruled. It is not contended that such questions are improper when asked in good faith for the purpose of securing a jury free from bias and prejudice (*Girard* v. *Irvine*, 97 Cal. App. 377 [275 Pac. 840]), but it is contended that this question was not asked in good faith. There is nothing in the record to justify this conclusion. It may be, as stated by appellant in his brief, that there was no association known as the Pacific Casualty Automobile Association licensed to do business in this state; but even assuming this to be true, appellant may have been insured in some company or association bearing a similar name. We are not convinced that this point is seriously urged as counsel for appellant offered no evidence with respect thereto in support of the motion for new trial nor was any appearance made for the purpose of arguing said

motion. It is not claimed that appellant was not in fact insured and so far as the record discloses counsel for respondents may have honestly believed that appellant was insured in an association bearing the name used and may have acted in entire good faith in propounding the question. Our attention is further called to the fact that on the third day of the trial and while appellant was on the witness-stand the following occurred: "The Court: Any questions you would like to ask, ladies and gentlemen? A. Juror: A. Are you fully covered against accident insurance? The Court: You will get into trouble there, that has not anything to do with it, absolutely not. It does not make any difference if he has or has not. You are not to consider that at all. You are to decide this case without any reference to any insurance company. That would be contrary to your oaths of office. That makes no difference at all. You are to decide this case simply between the parties to the record, between the plaintiffs and the defendant. That has not anything to do with it. You have no right to even think of such a thing." The question asked by the juror was obviously improper and although there was no objection from counsel the question remained unanswered due to the prompt and effective admonition given by the court in which the jury was advised that the subject of inquiry was entirely irrelevant. Under the circumstances, we cannot say that the trial court erred in concluding on motion for new trial that appellant had been accorded a fair trial and that the verdicts were not induced by any improper considerations. (*Richmond* v. *Moore,* 103 Cal. App. 173 [284 Pac. 681]; *Girard* v. *Irvine, supra.*)

Appellant further contends that even if appellant's negligence be conceded the evidence shows that respondents and each of them were guilty of contributory negligence as a matter of law. In our opinion this contention is likewise without merit. The accident occurred after dark at about 8 o'clock on the evening of January 18, 1930, at the intersection of Geary Street and Van Ness Avenue in San Francisco. Prior to the accident respondents were walking in a northerly direction along the sidewalk on the west side of Van Ness Avenue and appellant was driving in the same direction on the east side of the street. Respondents were intending to cross from the southwest to the northwest

corner of the intersection. Appellant was intending to turn to the left to proceed in a westerly direction on Geary Street. Traffic at the Geary Street intersection was directed by automatic "Stop" and "Go" signals. The traffic signals were against the north-bound traffic when respondents and appellant reached the intersection. All awaited the change of signals and then proceeded on their intended courses. As appellant made the turn he was delayed while automobiles passed going south on Van Ness Avenue and then he proceeded westward striking respondents at a point within two or three feet of the curb on the northwest corner of the intersection. No horn was sounded by appellant as he came from behind the south-bound traffic and he testified that he did not see respondents until he was within five feet of them.

Under the evidence we believe that the issues of negligence and contributory negligence were properly submitted to the jury. ■ In the absence of statute or ordinance to the contrary, the duties of the pedestrian and the driver to use ordinary care while on the highway are equal and reciprocal and the question whether either had failed to exercise such care is ordinarily one of fact and not of law. (*Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578]; *Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649]; *Courvoisier* v. *Burger*, 61 Cal. App. 470 [215 Pac. 93].) ■ It is appellant's claim that respondents were guilty of contributory negligence as a matter of law in failing to see the automobile. One of respondents testified that she did not see the automobile before being struck while the other testified that she saw the automobile just as she was struck. The testimony showed that they had looked in both directions before starting to cross the street and also while in the middle of the street and their failure to see the automobile in question may well have been attributable to the southbound traffic which was between respondents and appellant during a portion of the time. The foregoing evidence clearly made the issues of contributory negligence a question of fact for the jury under the general rule, for although the pedestrian's duty to use ordinary care is a continuing duty, nevertheless that duty in the nature of things cannot be said to impose upon the pedestrian the duty to look continuously in all directions at all times. In commenting

on *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125], the court said in *Burgesser* v. *Bullock's, supra,* at page 678: "It is there pointed out that the question of whether or not a pedestrian is negligent is to be determined from all the facts and circumstances in evidence in the case, and whether or not it was the duty of the pedestrian to look in a given direction at a given time was a question for the jury."

▆ We find no merit in the further contention that the damages were excessive. We do not deem it necessary to detail the evidence tending to show the amount of general and special damage sustained by respondents. We have reviewed this evidence and if not incompetent as claimed by appellant, it is ample to sustain the awards. ▆ Appellant's attack is mainly based upon the claimed incompetency of the testimony of Dr. Waller, who expressed his opinion to the effect that respondents were unable to resume their work and probably would be permanently disabled to some extent. The circumstances giving rise to this contention are as follows: Dr. Nahman, who attended respondents for several weeks after the accident, was not called as a witness owing to his absence on an extended trip to Europe. In proof of the extent of their injuries respondents offered their own testimony, including evidence of their condition before and after the accident, the evidence of Dr. Charmak, who treated them at the emergency hospital on the night of the accident, and the testimony of Dr. Waller, who examined them shortly before the trial. It is conceded that Dr. Waller's examination was made for the purpose of testifying at the trial and not for the purpose of treatment. Appellant now contends that the opinion of Dr. Waller was based upon hearsay in that it was based upon the records of Dr. Nahman as well as upon his own examination, but the record before us does not bear out this contention. It is apparent from a reading of the testimony that the trial court confined Dr. Waller to his own personal observation as a basis for his opinion and specifically advised the witness to eliminate from his consideration the report and findings of Dr. Nahman. It may be further noted that Dr. Waller answered no questions to which appellant interposed an objection and that no motion was made by appellant to strike any portion of the alleged incompetent testimony. ▆ Going

further, appellant argues that even if Dr. Waller's testimony was competent it was insufficient to prove that the ailments of which respondents complained were proximately caused by the injuries received in the accident. It appears that one of the main conditions common to both respondents and causing disability at the time of the trial was a dropsical condition or a condition similar thereto evidenced by pitting at the ankles, which condition appellant claims was not attributable to the accident. However, respondents testified as to their condition before the accident and Dr. Waller testified that if this dropsical condition was present prior to the accident it would have manifested itself by a heart condition which was not present here. In answer to a further question he testified that even if respondents had been afflicted with dropsy prior to the accident the injuries would have aggravated that condition. There was ample evidence from which the jury could infer that this condition resulted from or at least was aggravated by the injuries sustained in the accident. In our opinion the entire attack upon the testimony relating to damages goes to the weight to be attached to the testimony and not to its competency or sufficiency.

The judgments appealed from are and each of them is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.