[Civ. No. 7977. First Appellate District, Division Two.—November 18, 1931.]

STANLEY G. RAYL, Appellant, v. SYNDICATE BUILDING COMPANY (a Corporation) et al., Respondents.

Donahue, Hynes & Hamlin for Appellant.

Myron Harris and McKee, Tasheira & Wahrhaftig for Respondents.

NOURSE, P. J.—Plaintiff sued for personal injuries resulting from the fall of a passenger elevator operated by defendant Massetti under employment of his co-defendant. The cause was tried with a jury and both defendants had a verdict. The plaintiff appealed on typewritten transcripts.

The plaintiff alleged negligence in general terms and then pleaded seven special instances in which the defendants were alleged to have been negligent in their operation of the elevator. All charges of negligence were denied and the defendants specially pleaded that the fall of the elevator which caused plaintiff's injuries was the result of unavoid-

able accident which they could not have foreseen or prevented. Plaintiff was his own witness and called defendant Massetti under section 2055 of the Code of Civil Procedure. These were his only witnesses called on the issue of negligence. Plaintiff's testimony of the circumstances of the accident was vague and uncertain and he was so effectively impeached that the jury must have rejected his testimony as incredible. Massetti's testimony as plaintiff's witness aided plaintiff not at all. Thus plaintiff's whole case rests upon the application of the doctrine of *res ipsa loquitur* in so far as any proof of negligence is concerned. On the part of the defendants the evidence was that the elevator was apparently in good mechanical condition; that it was supplied with all necessary safety appliances; that it was subjected to periodical inspections, the last inspection having been made on the day before the accident; that the defendant Massetti was skilled in the operation of the elevator, and was operating it carefully and skilfully at the time of the accident; and that the fall was caused by the sudden breaking of one of the cables because of a latent defect in the cable which could not have been discovered by any reasonable inspection. Thus, on the issue of negligence the evidence was such that the jury might well find that neither of the defendants was guilty of any act of omission or commission which could have been held negligent. ■ When the plaintiff must rest solely on the inference of negligence arising from the *res ipsa loquitur* doctrine and the defendant presents direct evidence contradicting that inference the issue is one of fact upon which the evidence is conflicting and the finding of the jury is conclusive. (*Maryland Casualty Co.* v. *Matson Navigation Co.*, 177 Cal. 610, 613 [171 Pac. 427]; *Michener* v. *Hutton*, 203 Cal. 604, 610 [59 A. L. R. 480, 265 Pac. 238].) Hence, the judgment here must be affirmed unless the errors of law complained of are prejudicial.

■ The appellant first complains of the instruction defining preponderance of evidence. This instruction, given by the court of its own motion reads: ''Preponderance of evidence means not the greater number of witnesses, but the greater weight, probability, quality and convincing effect of the evidence and proof offered by the party holding the affirmative, as compared with the opposing evidence.

"The law does not require demonstration; that is, such a degree of proof as, excluding possibility of error, produces absolute certainty, because such proof is rarely possible. Moral certainty is all that is required, or that degree of proof which produces conviction to an unprejudiced mind." The criticism is directed to the last sentence of the instruction and *People* v. *Miller*, 171 Cal. 649, 653 [154 Pac. 468, 469], *Estate of Ross*, 179 Cal. 629, 633 [178 Pac. 510, 512], and *Galloway* v. *United Railroads*, 51 Cal. App. 575 [197 Pac. 663], are cited as holding that similar instructions were prejudicial.

The cases cited carry two important distinctions from the case at hand. In the first place the wording of the instructions in those cases is essentially different from the instruction here given. In the Miller case the only definition of preponderance of evidence given to the jury was in the instruction reading: "Preponderance of the evidence means that degree of evidence which proves to a moral certainty, or, in other words, that degree of proof that produces conviction in an unprejudiced mind, regardless of the number of witnesses from whom it proceeds." In *Estate of Ross, supra,* preponderance was defined as "That amount of evidence which produces conviction in an unprejudiced mind, and only such evidence will justify a verdict that Isaac Ross was of unsound mind." In the Galloway case the jury was instructed that it was necessary that the evidence satisfy their minds to a moral certainty *and* by a preponderance of the whole evidence. In no one of these cases was the jury given a correct definition of preponderance of evidence as was done here. In the second place each of the instructions in the cited cases was specifically directed to the question of what proof was necessary to sustain a specific issue the burden of which was upon the complaining party. Thus in the Miller case the instruction was directed to the defense of insanity raised by the defendant. In the Ross case it was directed to the issue of insanity of the testator raised by the contestants. In the Galloway case it was directed to the issue of proximate cause and whether the fatal blow struck by an employee of the railroad was struck while such employee was in the course of his employment. In the case at hand the instruction is directed to

all issues and is equally applicable to the evidence of each party.

The case is therefore more closely alike to *Gregoriev* v. *Northwestern Pac. R. Co.*, 95 Cal. App. 428, 440 [273 Pac. 76], *Mella* v. *Hooper*, 200 Cal. 628, 630 [254 Pac. 256], *Richmond* v. *Moore*, 103 Cal. App. 173, 180 [284 Pac. 681], and *East Bay Municipal Utility Dist.* v. *Kieffer*, 99 Cal. App. 240, 256 [278 Pac. 476, 482, 279 Pac. 178], where many cases are cited. As said in the Kieffer case in reference to a similar instruction: ''Academically, the instruction is inaccurate and it should not have been given, but it is highly improbable that the jurors were misled thereby.'' The same rule was followed in *Richmond* v. *Moore, supra,* and the other cases last cited but the Richmond case is more closely analogous to the one at hand. There the instruction was held not to be prejudicial, first because the court gave complete and proper instructions upon the burden of proof and the preponderance of evidence, and second because each party had a special issue to maintain and therefore the instruction, though technically erroneous, was equally applicable to each.

The application of this rule to our case is apparent. As we have heretofore said there was no substantial, credible, direct evidence of respondents' negligence offered by the appellant. On this issue his entire case rested upon the inference arising out of the doctrine of *res ipsa loquitur.* The jury was entitled to draw this inference of negligence when the appellant showed that he was hurt by the fall of the elevator which was caused by the breaking of the machinery. At this point appellant's proof of negligence was complete and he was entitled to recover unless the respondents satisfied the jury that they were free from negligence by proving that the hurt was caused by an inevitable casualty, or by establishing any other fact which would relieve them of responsibility. (*Treadwell* v. *Whittier,* 80 Cal. 574, 582 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266].) We are not here concerned with the intricate question of the shifting of the burden of proof. Suffice it to say that whenever the *res ipsa loquitur* doctrine is applicable, that is to say, when the plaintiff has shown that the instrument which caused the injury was in the exclusive control of the defendant and that in the ordinary

course of things an accident does not occur under such circumstances, when due care is used, these facts afford reasonable evidence ''in the absence of explanation by the defendant'' that the accident arose from want of proper care. (*Crooks* v. *White,* 107 Cal. App. 304, 308 [290 Pac. 497], and cases cited.) Thus there is a burden upon the defendant, without regard to the question of *shifting,* to prove by satisfactory evidence that the happening of the event was due to some other cause than the want of proper care on his part. Applying this principle to the instructions under consideration it is evident that because of the application of the *res ipsa loquitur* doctrine and because of the burden of explaining away the inference of negligence the error of the instruction bore upon the respondents' case more severely than when the defendant raises the issue of contributory negligence, as was done in *Richmond* v. *Moore, supra,* and similar cases which have been cited. For these reasons we are satisfied that the instruction complained of, though erroneous, does not justify a reversal.

Criticism is made of instructions numbers 24 and 30. The first advised the jury that the Syndicate Building Company was not liable if the accident was caused by a defect or flaw in the elevator apparatus which was not discoverable ''on a reasonable and careful examination''. No. 30 advised the jury that the company was not liable if the accident was caused by a fault which could not have been foreseen by ''a reasonably careful person, or against an accident such as a reasonable and prudent person would not have anticipated the need of guarding against''. The appellant concedes that the jury was properly instructed as to the measure of care and diligence required by the respondents in the operation of the elevator. This instruction (No. 26) follows the rule of *Treadwell* v. *Whittier,* 80 Cal. 574 [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266], and similar cases. The criticism of Nos. 24 and 30 is that they disregard this obligation of carriers to use the utmost care and diligence of very cautious persons. But instruction No. 24 also states the rule approved in the Treadwell case and has met with judicial approval over a long period of years. (9 R. C. L., p. 1239.) As to instruction No. 30 if there be error here in the use of the words ''a reasonable and prudent person'' such error was

invited by appellant's requested instruction No. 25 where the jury was advised that the Syndicate Building Company was required ''to .use all reasonable means and efforts'' to furnish good and well constructed machinery.   However, we are not satisfied that the instruction complained of is open to criticism because it does not occur to us that there is any real conflict between the instruction advising that the company must use ''the utmost care and diligence of very cautious persons'' and the instruction advising in effect that the company must take such means to guard against an accident as a ''reasonable and prudent person'' might have anticipated to be necessary.   It would seem to be self-evident that it is the ''reasonable and prudent persons'' to whom we would look to use the degree of care necessary under the circumstances.

Finally, it is argued that the trial court erred in instructing the jury to disregard an ailment from which the appellant suffered prior to the date of the accident. This instruction was confined to the question of the amount of damages to which the appellant might be entitled if the jury found that the respondents were guilty of negligence.   There is no dispute that the appellant suffered injuries at the time of the accident.   If these injuries were aggravated by a prior ailment the question whether the jury might take such ailment into consideration in assessing damages becomes a moot question when the jury by its verdict has determined .that the respondents were not guilty of negligence and hence that the appellant was not entitled to any damages as a result of the accident.

The judgment is affirmed.

Sturtevant, J, and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 18, 1931.