[No. 30251. Department One. November 13, 1947.]

OSCAR W. STROM *et al., Appellants,* v. EDWARD G. DOBRIN *et al., Respondents.*[1]

[1]Reported in 186 P. (2d) 906.

*H. E. Foster,* for appellants.

*Kahin & Carmody,* for respondents.

HILL, J.—If this is a controlled intersection case, and such is the appellants' theory, both the respondent driver and the pedestrian appellant were lawfully within the intersection-controlled area. The streets involved are Broadway and east Pike, in the city of Seattle. The former runs northerly and southerly and the latter easterly and westerly. It is the appellants' theory that, with the light showing green on east Pike street, the pedestrian appellant started west across Broadway on the crosswalk on the north side of east Pike street and was struck by the respondents' automobile, which was going north on Broadway. It is not disputed that the respondent driver, while proceeding east on east Pike street, had entered the intersection-controlled area on a green light, then made a left turn, and started north on Broadway. The right of the respondent driver to so proceed is found in Rem. Rev. Stat., Vol. 7A, § 6360-98 [P.P.C. § 295-47], which provides that vehicles facing the green signal may proceed through the section of traffic control, or turn right or left unless such turn is prohibited.

The respondents' theory is that the pedestrian appellant came out from between parked cars some consider-

able distance north of the crosswalk and walked directly into, or into the path of, the respondents' car. The evidence in support of the respondents' theory, if believed, amply sustains the verdict in their favor.

■ The principal question which the appellants would have us consider is whether the law applicable to their factual theory of the case was adequately presented to the jury. Statements of appellants' counsel throughout the trial, and the instructions proposed, indicate that appellants' view is that a pedestrian who starts across the street with a green light and remains in the crosswalk, has an almost absolute right of way, such as that given pedestrians at intersections where traffic control signals are not in place or operation.

While it has no application to the present case, it may be noted that Rem. Rev. Stat., Vol. 7A, § 6360-99 [P.P.C. § 295-49], provides that the operator of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to any pedestrian crossing a roadway within a marked crosswalk or within an unmarked crosswalk of an intersection where traffic controls are not in place or operation. The appellants apparently seek to apply the same rule to a controlled intersection. The second and third of their requested instructions, in effect, summarily direct the jury to find for the appellants if the appellant pedestrian was hit while lawfully in the crosswalk. These instructions made the driver of the automobile an insurer of the safety of the appellant pedestrian and were patently too broad in their scope.

■■ The only requested instruction which merits any extended discussion is No. 1, which was as follows:

"The jury is instructed that Broadway and East Pike street are two public streets of the city of Seattle and intersect at right angles; that at such intersection, the city of Seattle has installed at the center of said intersection lights, both green and red, to aid and regulate the traffic on such streets at the junction and crossing. That when the light shows green on East Pike street, pedestrians have the right-of-way to cross over Broadway on the crosswalks, and when

the light shows red on East Pike street travel is thus arrested on East Pike street while the red is showing."

The purpose of that portion of this instruction which follows the word "crosswalks" is not clear and has no bearing on any issue in the case, as no one was traveling on east Pike street at the time of the collision, unless it was the appellant pedestrian. We will disregard that portion of the instruction as no worse than surplusage.

It must be understood that this court has no authority to accord rights of way to pedestrians or others. Our right-of-way cases all construe statutes or ordinances. As was said in *Maggart v. Bell,* 116 Cal. App. 306, 2 P. (2d) 516:

"In the absence of statute or ordinance to the contrary, the duties of the pedestrian and the driver to use ordinary care while on the highway are equal and reciprocal."

We search in vain in Rem. Rev. Stat., Vol. 7A, §§ 6360-98 and 6360-99, for any justification for an instruction giving a pedestrian at a traffic-controlled intersection such an unrestricted right of way as is sought to be accorded by the requested instruction.

The trial court was justified in refusing to give any of the appellants' requested instructions.

The appellants' factual theory of the case and the trial court's idea of the law applicable thereto were completely covered by instruction No. 5, to which no exception was taken.

The appellants argue only two propositions in their brief: (1) that their requested instructions should have been given; and (2) that the verdict is not sustained by the evidence. We find no error in the trial court's refusal to give the requested instructions, and that there was ample evidence to support the verdict of the jury. The judgment of dismissal based on that verdict is affirmed.

MALLERY, C. J., MILLARD, and SIMPSON, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

---

December 18, 1947. Petition for rehearing denied.